CONNECTICUT BANK OF COMMERCE *v.* JULIE D. GIORDANO ET AL.
(AC 21671)

Foti, Landau and Dranginis, Js.

Argued September 20—officially released November 20, 2001

*Roger J. Frechette*, with whom, on the brief, were *Matthew E. Frechette* and *Franz P. Frechette*, for the appellants (named defendant et al.).

*Marjorie R. Gruszkiewicz*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. In this mortgage foreclosure action, the defendants, Julie D. Giordano and Anthony V. Giordano,[1] appeal from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Connecticut Bank of Commerce. The defendants claim that the court improperly rendered judgment for the plaintiff in the absence of a valid complaint. We agree and reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In February, 1992, the defendants executed a note payable to the plaintiff that was secured by a mortgage on the property that is the subject of this foreclosure action.[2] In January, 1997, the plaintiff filed a complaint seeking to foreclose the mortgage for nonpayment. On March 19, 1997, the plaintiff filed an amended complaint. On February 27, 1998, the plaintiff filed a request for leave to file a second amended complaint. On April 17, 1998, the court overruled the defendant's objection to the plaintiff's motion.

On July 19, 1999, the plaintiff filed a motion for summary judgment on the ground that there was no genuine issue of material fact in dispute and that it therefore

---

[1] Other encumbrancers were named as defendants but are not involved in this appeal. We refer in this opinion to Julie D. Giordano and Anthony V. Giordano as the defendants.

[2] At that time, the plaintiff was known as Amity Bank.

was entitled to judgment as a matter of law. On August 17, 1999, the plaintiff withdrew the second amended complaint.[3] In early September, 1999, the defendants filed an objection to the summary judgment motion, claiming, inter alia, that the plaintiff's withdrawal of the second amended complaint removed the only operative complaint. On September 13, 1999, the court, with all counsel present, granted the plaintiff's motion for summary judgment.

Thereafter, the parties filed several additional motions and objections relating to the complaint. On September 21, 2000, the plaintiff filed a motion requesting a judgment of strict foreclosure. On September 26, 2000, and February 16, 2001, the defendants filed objections to the plaintiff's motion on the ground that there was no viable complaint. On February 16, 2001, the defendants also filed two motions requesting judgment in their favor. That same day, after overruling the defendants' objections and denying both of their motions, the court rendered judgment of strict foreclosure in favor of the plaintiff. This appeal followed.

The voluntary filing of an amended complaint operates as a withdrawal of the prior complaint, and, thereafter, the earlier complaint, though remaining in the files and constituting part of the history of the case, can furnish no basis for a judgment, nor can any previous ruling on it be made a subject of appeal. *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981); *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 234–35, 167 A. 715 (1933), overruled on other grounds, *Buck* v. *Morris Park, Inc.*, 153 Conn. 290, 293, 216 A.2d 187 (1965), appeal dismissed, 385 U.S. 2, 87 S. Ct. 33, 17 L. Ed. 2d 2 (1966); *Bennett* v. *Automobile Ins. Co. of Hartford*, 32 Conn. App. 617, 620, 630 A.2d

---

[3] In its brief, the plaintiff concedes that it withdrew the second amended complaint.

149 (1993), rev'd on other grounds, 230 Conn. 795, 646 A.2d 806 (1994); *Lichteig* v. *Churinetz*, 9 Conn. App. 406, 412, 519 A.2d 99 (1986). Accordingly, when the plaintiff withdrew the second amended complaint on August 17, 1999, it removed the only operative complaint in the action.

The plaintiff argues that because it filled out that section of the withdrawal form relating to the "partial" withdrawal of a complaint, it did not withdraw the entire complaint. In filling out the form, however, the plaintiff identified the document it intended to withdraw as the "Amended complaint dated February 27, 1998," and there is nothing in the record or docket summary to indicate that the plaintiff did not withdraw the entire amended complaint.

The plaintiff also argues that the court determined during a September 22, 1999 hearing on several motions relating to the action that withdrawal of the amended complaint could not be construed as a withdrawal of the "entire action." Nonetheless, because Connecticut courts have determined that the voluntary filing of an amended complaint, as here, operates as a withdrawal of the prior complaint; *Antman* v. *Connecticut Light & Power Co.*, supra, 117 Conn. 234–35; the court's conclusion that the plaintiff did not withdraw "the entire action" was incorrect.

Accordingly, we conclude that the court had no basis in fact or law on which to render judgment of strict foreclosure in favor of the plaintiff.[4]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[4] We do not address the plaintiff's claim that the court properly granted its motion for summary judgment because the defendants' appeal is limited to the judgment of strict foreclosure.