[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by writ returnable on January 14, 1997. The plaintiff sought to foreclose a mortgage secured on two properties of the defendants. The defendants appeared and disclosed defenses on January 24, 1997. On February 6, 1997, the defendant Julie D. Giordano answered the complaint and interposed special defenses. On March 19, 1997, the plaintiff filed an amended complaint. Thereafter, on May 12, 1997 Anthony V. Giordano answered the complaint and raised three special defenses. A receiver of rents was appointed by the court (Celotto, J.) on April 27, 1998. A bond, as court ordered, was issued in the amount of $10,000 pursuant to the appointment of the receiver of rents. An appeal of that appointment was taken by the defendants on May 18, 1998. The plaintiff moved the dismissal of that appeal, and the motion was granted by the Appellate Court on July 1, 1998. On September 9, 1998, the Appellate Court denied the defendants' motion for reargument or reconsideration.
On February 27, 1998, the plaintiff requested to amend its complaint. Over the objection of the defendants that request was granted by the court (DeMayo, J.) on April 17, 1998. The plaintiff filed motions to strike certain pleadings of the defendants, which motions were never acted upon.
On July 19, 1999, the plaintiff moved for summary judgment. It submitted a memorandum and the motion included documentation in support of its claim for summary judgment. On August 12, 1999, the plaintiff filed a reply to the defendants' special defenses. On that same date, the plaintiff claimed the matter to the non-jury trial list.
On August 17, 1999, the plaintiff filed a withdrawal of the Amended Complaint dated February 27, 1999 and the motions to strike referenced above.
On September 2, 1999, the defendants filed a brief in opposition to the plaintiff's motion for summary judgment. On that same date, the defendants CT Page 1456 filed a pleading fashioned, "Defendants' objection to the court hearing or considering plaintiff's motion for summary judgment and defendants' objection to plaintiff's motion for summary judgment." The gravamen of the assertion in that pleading was that there was no action pending before the court after the plaintiff withdrew its amended complaint, and therefore the plaintiff's motion for summary judgment could not be granted. Contemporaneously, the defendants moved to strike the plaintiff's motion for summary judgment, on the same theory.
Also on September 2, 1999, the defendants moved for judgment on the pleadings and also filed a motion for summary judgment, both asserting an entitlement to the judgment where the plaintiff had no operative complaint before the court.
On September 13, 1999, the court (Celotto, J.) entered summary judgment as to liability against both defendants. At the same time, the court overruled the defendants' objection and motion to strike, both of September 2, 1999. An appeal was taken by the defendants from these rulings. Apparently, on October 12, 1999, the plaintiff filed a motion to dismiss that appeal; the Appellate Court granted that motion and dismissed the appeal on November 17, 1999. The defendants sought a reconsideration of that dismissal which was denied on December 15, 1999.
On July 7, 2000, the defendants filed a motion to dismiss for lack of subject matter jurisdiction. This apparently has never been ruled upon.
Thereafter, in response to a motion to compel by the plaintiff directed toward the conduct of the defendants regarding the receiver of rents, the court (Celotto, J.), after objection by the defendants, ordered the defendants to make use and occupancy payments of $1500 per month, commencing July 18, 2000. On July 19, 2000, the defendants appealed the granting of this motion to compel. The appeal also stated it was appealing the overruling/denial of the motion to dismiss, but no such court action is apparent from the file.
On July 28, 2000, the plaintiff moved for a dismissal of the appeal which was granted by the Appellate Court on September 13, 2000. Petition for certification to appeal was requested by the defendants and denied by the Supreme Court on October 31, 2000.
On September 21, 2000, the plaintiff moved for a judgment of strict foreclosure, while the petition for certification was still pending at that time. Thereafter, the defendants objected to the motion for judgment of strict foreclosure and the taking of evidence pursuant thereto, asserting in their claim that there remained no pending complaint upon CT Page 1457 which judgment could be granted. Those objections were overruled by the court (Celotto, J.) on February 16, 2001. On that same date, the defendants filed with the court a motion for judgment and motion for judgment on the pleadings based upon the same assertion. These motions were also both denied by the same court on that date.
On the same date, February 16, 2001, the court (Celotto, J.) entered a judgment of strict foreclosure, with attendant orders thereto. An appeal from this judgment was taken by the defendants on February 27, 2001. The appeal was successful. The judgment of the trial court was reversed and the case was remanded for further proceedings consistent with the opinion.
The salient holdings of the Appellate Court are the following, extracted directly from the opinion:
 The voluntary withdrawal of an amended complaint operates as withdrawal of the prior complaint, and, thereafter, the earlier complaint, though remaining in the files and constituting part of the history of the case, can furnish no basis for a judgment, nor can any previous ruling on it be made a subject of appeal . . . Accordingly, when the plaintiff withdrew the second amended complaint, on August 17, 1999, it removed the only operative complaint in the file . . .
 [B]ecause Connecticut courts have determined that the voluntary filing of an amended complaint, as here, operates as withdrawal of the prior complaint; . . . the court's conclusion that the plaintiff did not withdraw "the entire action" was incorrect.
 Accordingly, we conclude that the court had no basis in fact or law on which to render judgment of strict foreclosure in favor of the plaintiff.
Connecticut Bank of Commerce v. Giordano, 67 Conn. App. 79, 81-82
(2001). Certification to appeal was denied to the plaintiff by the Supreme Court on February 26, 2002.
The appellate decision reversed the trial court and remanded the case for further proceedings consistent with this opinion.
Subsequently, on November 30, 2001, the defendants filed a motion for judgment in accordance with appellate court opinion. An objection thereto was filed on April 2, 2002 by the plaintiff.[1] On April 17, 2002, the court (Booth, J.) denied the defendants' motion for judgment, writing, "The appellate court held there was no operative complaint. Defendant has CT Page 1458 special defenses but not counterclaims. There is nothing on which the court can enter judgment." The defendants appealed this ruling on May 3, 2002. Also, as a part of the appeal, the defendants filed a motion for articulation which the court denied, but also wrote: "When summary judgment is entered in a negligence case based upon a special defense it is entered on the negligence complaint. When, as here, there is no complaint or cross complaint the court sees no legal basis for entering judgment." A motion for review of denial of motion for articulation was filed by the defendants. The Appellate Court, on July 11, 2002, dismissed that motion for review, and on the same day, granted a motion to dismiss the appeal filed by the plaintiff.
The motion was filed by the plaintiff on August 8, 2002. Defendants then filed a response thereto on August 21, 2002.
On August 8, 2002, the plaintiff filed a motion seeking to have the FDIC substituted for the former Connecticut Bank of Commerce. The defendants do not object to the substance of the motion; however, they argue it should not be acted upon because the plaintiff has no complaint pending before the court and the entire matter should be dismissed. This motion, however, the court finds should be granted. Regardless of the court's ruling on defendants' motions here, there remains an outstanding court order whereby the court appointed a receiver and that receiver must be properly terminated with full accounting of its activities, if any, to the court. (Chapter 21 of Connecticut Practice Book.) The plaintiff's real party interest, in this case the FDIC, has an interest in the outcome of those proceedings. Accordingly, the motion for Substitution isGranted.
Pleading #182 Motion for Judgment in Accord With Appellate Court Opinion of November 20, 2001
The defendants Giordano claim that they are entitled to judgment as a result of the Appellate Court's reversal of the judgment for the plaintiff and remand for further proceedings. Defendants argue that the situation here is akin to that which a court grants judgment for the defendant on the pleadings where a complaint has been stricken. The defendants rely on DiPasquale Construction v. Wolfgang Zinnert,14 Conn App. 63 (1988), and Norwich v. Silverberg, 200 Conn. 367 (1986), to support their argument. Both DiPasquale and Norwich are cases in which authority is found for a trial court to grant judgment on the pleadings where a complaint has been stricken.
The current status of this matter is not analogous. Where a Motion to Strike has been granted, the court has ruled that the complaint being CT Page 1459 stricken, viewed in the light most favorable to the plaintiff lacks legal sufficiency (Practice Book § 10-39). The authority to enter judgment where a complaint has been stricken and no new complaint filed finds its genesis in Practice Book § 10-44. That section states, "in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint." That is a materially different circumstance than here, for a court has determined that the complaint has no merit. In the instant case, the complaint was unilaterally withdrawn by the plaintiff without any judicial adjudication or determination. The right of the plaintiff to do so before a hearing on the merits is absolute. See General Statutes § 52-80, Sicaras v.Hartford, 44 Conn. App. 771, 775 (1997). This absolute statutory right to withdraw allows for no court decision, provides for no adjudication, and, it causes no prejudice to the plaintiff's right to proceed anew. The defendants' request for judgment if granted, would be a judicial determination of the merits against the plaintiff, in favor of the defendants. If that result had been intended by our Legislature it should have so provided, and did not. In stark contrast, the Federal Rules of Civil Procedure provides that an action cannot be dismissed [withdrawn] by a plaintiff once an answer has been filed without an "order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." FRCP Rule 41(2).
Had such a result been intended in the Connecticut courts, the statutes or practice book would so provide. They do not. Accordingly, the Motion for Judgment is denied.
As to the further proceedings directed by the Appellate Court consistent with their opinion, the court upon examination of the file finds no outstanding counterclaims but an outstanding receivership. Therefore, the court directs an accounting with appropriate motion(s) by the receiver be filed within 30 days for a hearing thereon. At the conclusion thereof, no further matters in the file shall be outstanding and the clerk's office shall administratively treat this file as withdrawn by plaintiff.
Munro, J.