ROGER I. PARKER *v.* GINSBURG
DEVELOPMENT CT, LLC
(AC 24958)

Flynn, West and Mihalakos, Js.

Argued September 8—officially released November 2, 2004

*Riccardo L. Pate*, for the appellant (plaintiff).

*Conrad S. Kee*, for the appellee (defendant).

*Opinion*

FLYNN, J. In this action for breach of an employment contract, the plaintiff, Roger I. Parker, a former employee of the defendant, Ginsburg Development CT, LLC, appeals from the judgment rendered following the trial court's striking of the plaintiff's substitute complaint. Specifically, the plaintiff claims that the trial court improperly decided a question of fact when it decided the meaning of the contractual terms made by the contracting parties, and that the court failed (1) to take the facts alleged in the substitute complaint as admitted, (2) to construe the substitute complaint in the manner most favorable to the pleader and (3) to construe the substitute complaint broadly and realistically. We do not address the merits of these claims because we conclude that the plaintiff waived his right to appeal in this case.[1] We affirm the judgment of the trial court.

The following allegations and procedural history, as reflected in the record, are relevant to this appeal. In the substitute complaint, the plaintiff alleged that in 2001, he left his former employer to work for the defendant because of the defendant's promises of employment. Before the plaintiff's first day of work, the

---

[1] The plaintiff set forth seven counts in the substitute complaint, all of which the trial court struck. The plaintiff now appeals from the court's decision to strike counts one through four only, which allege breach of an oral employment contract, breach of an implied employment contract, breach of the implied covenant of good faith and fair dealing and promissory estoppel.

defendant terminated the plaintiff's employment. In March, 2002, the plaintiff filed the original complaint, which alleged six counts based on breach of an employment contract. The defendant moved to strike the plaintiff's complaint in its entirety. On February 3, 2003, the court granted the motion, concluding, in relevant part, that the plaintiff's allegations concerning the defendant's promise of employment did not give rise to anything but an at-will employment contract.

On February 13, 2003, the plaintiff filed a substitute complaint, and the defendant again moved to strike the substitute complaint in its entirety. The substitute complaint alleged the same six counts as the original complaint and added a seventh count. On August 8, 2003, the court granted the defendant's motion, concluding again that the facts alleged by the plaintiff did not set forth a contract for a definite term, but rather set forth an at-will employment contract. On November 24, 2003, the court rendered judgment for the defendant on the stricken substituted complaint. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion to strike the substitute complaint. The defendant maintains that the plaintiff waived his right to appeal by pleading over. The plaintiff counters that he did not waive his right to appeal by filing a substitute complaint because the present case falls under the exception to the waiver rule. We disagree with the plaintiff and hold that a waiver occurred which did not fall under the exception.

Construction of the effect of pleadings is a question of law, and as such our review is plenary. See *Miller* v. *Egan*, 265 Conn. 301, 308, 828 A.2d 549 (2003). A motion to strike challenges the legal sufficiency of a pleading and requires no factual findings by the trial court; as a result, our review of the court's ruling is

plenary. *Johnson* v. *Mazza*, 80 Conn. App. 155, 158, 834 A.2d 725 (2003).

Practice Book § 10-44 provides in relevant part that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ." As a general rule, "[t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Internal quotation marks omitted.) *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). Accordingly, a party has two "mutually exclusive" options: A party may file either an amended pleading, thereby waiving the right to challenge the striking of the initial complaint; or a party may appeal from the judgment rendered regarding the initial stricken complaint. *Royce* v. *Westport*, 183 Conn. 177, 178–79, 439 A.2d 298 (1981). "The choice is left to the plaintiff, but once he files an amended pleading the ruling on the [original motion to strike] ceases to be an issue. The rule is a sound one, as it serves to prevent the prolongation of litigation." *Good Humor Corp.* v. *Ricciuti*, 160 Conn. 133, 136, 273 A.2d 896 (1970). However, there is an exception to the waiver rule. If the plaintiff pleads facts in the substitute complaint which are "materially different" from those in the original complaint, then the waiver rule does not apply. *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74, 700 A.2d 655 (1997). In *Parsons*, the court held that the case fell under the exception to the waiver rule when the sole difference between the revised pleading and the previous pleading was the addition of the specific more dangerous location in Bahrain to which the defendant employer reassigned the plaintiff employee.[2] Id., 74–76.

---

[2] The changes made to the amended complaint in *Parsons* reflect that the employer was sending its employee from a relatively safe location to Bahrain, one of the most dangerous parts of the world that was imperiled by the

As was noted by former Chief Judge Dupont writing for a unanimous court in *P & L Properties, Inc.* v. *Schnip Development Corp.*, supra, 35 Conn. App. 50, a defendant who claims that an amendment to a complaint which replaces a complaint that previously was struck for legal insufficiency is essentially the same, has two options. The options are either to request that the plaintiff revise the complaint by deleting it, or alternatively to move to strike it. If the "amended complaint merely reiterated claims previously disposed of by the trial court, the motion to strike the second amended complaint [is] properly sustained." Id., 51.

In this appeal, we are called on to construe the pertinent provisions of both the plaintiff's original complaint and the substitute complaint to determine whether there is any material difference between the two that would except the plaintiff from the waiver rule. The original complaint states that "the plaintiff was explicitly told that he was being employed to work exclusively on the defendant's 'Woodland Hills project' until all units were sold. Defendant's 'Woodland Hills project' contemplated the sale of 264 townhouses at a rate of 50 units per year." The substitute complaint rewords the same allegation, stating that "[the defendant's agents]

1991 Persian Gulf War. The predominant difference between the *Parsons* case and this case lies in the actual claim being brought. The precise location, in *Parsons*, was material to the plaintiff's claim that his employer was placing him in harm's way. Therefore, the addition of that fact was sufficiently and materially different from those in the previous complaints that had been struck.

In this case, the plaintiff attempted to amend the complaint by emphasizing that he had been promised employment until a certain time and omitted the language regarding the number of houses contemplated to be sold per year. These changes are not material. Furthermore, substituting the phrase "explicitly told" for "promised without ambiguity" does not change the plaintiff's status as an at-will employee, which was the basis of the trial court's decision to strike the complaint. In both the original and substitute complaints, the two phrases mean the same thing.

expressly promised without ambiguity that the plaintiff's employment would not be terminated until the 264 townhouses of the defendant's 'Woodland Hills project' were sold." The two complaints are not materially different so as to warrant the application of an exception to the waiver rule.

The plaintiff is, therefore, bound by the court's November 24, 2003 judgment striking his amended complaint. It is well settled that "[t]he voluntary filing of an amended complaint operates as a withdrawal of the prior complaint, and, thereafter, the earlier complaint, though remaining in the files and constituting part of the history of the case, can furnish no basis for a judgment, nor can any previous ruling on it be made a subject of appeal." *Connecticut Bank of Commerce* v. *Giordano*, 67 Conn. App. 79, 81, 787 A.2d 9 (2001), cert. denied, 259 Conn. 929, 793 A.2d 253 (2002).

The plaintiff cannot appeal from the court's November 24, 2003 judgment. The plaintiff's allegations in his substitute complaint are not materially different from those in his original complaint; therefore, the waiver rule applies, and the plaintiff cannot now challenge the merits of the court's ruling striking the amended complaint. See *Parsons* v. *United Technologies Corp.*, supra, 243 Conn. 74.

The judgment is affirmed.

In this opinion the other judges concurred.