## ALAN L. ROSS *v.* CARLO FORZANI
## (AC 25463)

Foti, Schaller and Bishop, Js.

Argued January 10—officially released April 5, 2005

*John R. Williams*, for the appellant (plaintiff).

*Karen K. Clark*, with whom, on the brief, was *Frank G. Usseglio*, for the appellee (defendant).

FOTI, J. The plaintiff, Alan L. Ross, appeals from the judgment of the trial court rendered in favor of the defendant, Carlo Forzani, after the court granted the defendant's motion to strike the plaintiff's complaint. On appeal, the plaintiff claims that the court acted improperly in striking his complaint. We do not address the merits of his claim because we conclude that the plaintiff waived his right to appeal in this case. We affirm the judgment of the trial court.

The following allegations and procedural history, as reflected in the record, are relevant to the plaintiff's appeal. The plaintiff commenced an action alleging legal malpractice against the defendant by filing a complaint on September 11, 2003 (original complaint). The complaint alleged that in March, 1999, the defendant was a partner in the law firm of Louden and Forzani, which the plaintiff retained to represent him in connection with the potential dissolution of his marriage to Nancy Ross. The plaintiff alleged that during the course of the representation, he disclosed confidential information relating to his marriage and its impending dissolution to the defendant through his interactions with the law firm. Sometime during 2000, the defendant ceased being a partner with attorney Bruce Louden; however, the plaintiff alleged that the defendant continued to hold himself out as a partner in Louden and Forzani.

The plaintiff, represented by Louden, instituted an action in the Superior Court in the judicial district of Litchfield for the dissolution of his marriage. The action was assigned docket number FA-01-85537. During July and August, 2001, the defendant represented Nancy Ross in connection with the marital dissolution proceeding. The plaintiff alleged that during the defen-

dant's deposition of the plaintiff, in August, 2001, the defendant used confidential information disclosed by the plaintiff to the defendant's former law firm in 1999.

Shortly after taking the plaintiff's deposition, the defendant withdrew from representation of Nancy Ross in the marital dissolution matter. Nancy Ross was represented by another attorney for a period of time; however, on January 28, 2002, the defendant filed an appearance on her behalf in the marital dissolution action over the objection of the plaintiff. The defendant continued to represent Nancy Ross until March 21, 2002, at which time the court, after an evidentiary hearing, determined that there was a conflict of interest in the representation and ordered the defendant to withdraw his appearance.

On November 7, 2003, the defendant filed a motion to strike the complaint in this action in its entirety because the plaintiff failed to allege elements necessary to sustain a negligence claim and, instead, alleged only a violation of the Rules of Professional Conduct that, by itself, was insufficient to maintain a claim for legal malpractice. The court granted the defendant's motion to strike on December 4, 2003, noting in its decision that "[t]he plaintiff's complaint does not allege specifications of negligence; rather, the complaint brings into effect the Rules of Professional Conduct. Any violation of the Rules of Professional Conduct does not in and of itself constitute negligence or legal malpractice. *Noble* v. *Marshall,* [23 Conn. App. 227, 231, 579 A.2d 594 (1990)]."

On December 23, 2003, the plaintiff filed a notice of his intention to appeal. Then, on December 23, 2004, the plaintiff filed an amended complaint. The defendant filed a motion to strike the amended complaint on February 6, 2004, arguing that "[t]he [a]mended [c]omplaint merely restates in substance the allegations of the stricken complaint, and fails to state a legally sufficient

cause of action for professional negligence for which relief may be granted." On February 23, 2004, the court granted the defendant's motion to strike the amended complaint, noting in its decision that "[t]he amended complaint . . . is in substance the same as the original complaint . . . ." The plaintiff did not replead, and the defendant filed a motion for judgment on March 26, 2004. The court rendered judgment on April 19, 2004, and this appeal followed.

Construction of the effect of pleadings is a question of law and, as such, our review is plenary. See *Miller* v. *Egan*, 265 Conn. 301, 308, 828 A.2d 549 (2003). A motion to strike challenges the legal sufficiency of a pleading and requires no factual findings by the trial court; as a result, our review of the court's ruling is plenary. *Johnson* v. *Mazza*, 80 Conn. App. 155, 158, 834 A.2d 725 (2003).

Practice Book § 10-44 provides in relevant part that "[w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ." As a general rule, "[t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Internal quotation marks omitted.) *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994); see also *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981); *Good Humor Corp.* v. *Ricciuti*, 160 Conn. 133, 135, 273 A.2d 886 (1970). "It is well settled that [t]he voluntary filing of an amended complaint operates as a withdrawal of the prior complaint, and, thereafter, the earlier complaint, though remaining in the files and constituting part of the history of the case, can furnish no basis for a judgment, nor can any previous ruling on it be made a subject of appeal." (Internal quotation marks omitted.) *Parker* v. *Ginsburg*

*Development CT, LLC*, 85 Conn. App. 777, 782, 859 A.2d 46 (2004), citing *Connecticut Bank of Commerce* v. *Giordano*, 67 Conn. App. 79, 81, 787 A.2d 9 (2001), cert. denied, 259 Conn. 929, 793 A.2d 253 (2002).

"Accordingly, a party has two mutually exclusive options: A party may file either an amended pleading, thereby waiving the right to challenge the striking of the initial complaint; or a party may appeal from the judgment rendered regarding the initial stricken complaint. *Royce* v. *Westport*, [supra, 183 Conn. 178–79]. The choice is left to the plaintiff, but once he files an amended pleading, the ruling on the [original motion to strike] ceases to be an issue. The rule is a sound one, as it serves to prevent the prolongation of litigation. *Good Humor Corp.* v. *Ricciuti*, [supra, 160 Conn. 136]. However, there is an exception to the waiver rule. If the plaintiff pleads facts in the substitute complaint which are materially different from those in the original complaint, then the waiver rule does not apply. *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74, 700 A.2d 655 (1997)." (Internal quotation marks omitted.) *Parker* v. *Ginsburg Development CT, LLC*, supra, 85 Conn. App. 780. Conversely, the waiver rule applies if the amended complaint does not contain allegations that are materially different from the allegations contained in the original complaint.

After a review of the relevant pleadings and the memorandum of decision striking the plaintiff's revised complaint, we conclude that the plaintiff's amended complaint contained no additional facts to render the allegations sufficiently different from those in the plaintiff's original complaint and, therefore, the waiver rule is applicable. In his original complaint, the plaintiff alleged that "[i]n August of 2001, the defendant deposed the plaintiff and, upon information and belief, used against the plaintiff at said deposition confidential information disclosed by the plaintiff to the defendant's law firm in

1999." Although the plaintiff's amended complaint was worded in a manner slightly different from the original complaint, it contained no new facts or allegations. The plaintiff simply restated the original allegations, now stating that "[i]n representing Nancy Ross in the dissolution of her marriage to the plaintiff, after having represented the plaintiff in the same matter, the defendant used to the plaintiff's disadvantage privileged information obtained as a result of his prior representation of the plaintiff."

The plaintiff further alleged, in his original complaint, that the defendant's involvement in the marital dissolution proceeding "fell below the minimum standard of care for an attorney in the practice of his profession in that he betrayed the duty of loyalty which he owed to the plaintiff in connection with the plaintiff's marital concerns, betrayed the plaintiff's confidences which were divulged in the course of his representation by the defendant, and caused the plaintiff injury." The plaintiff also claimed that as a result of the defendant's conduct, he sustained economic loss and suffered emotional distress. Those claims are repeated verbatim in the plaintiff's amended complaint.

By opting to replead the same claims after they were struck from the initial complaint, rather than pursuing his reserved appeal, the plaintiff abandoned his right to claim that those specific allegations were, in fact, sufficient to support a negligence claim. The plaintiff's failure to materially alter or to supplement the complaint precludes him from now appealing from the merits of the trial court's ruling. See *Royce* v. *Westport,* supra, 183 Conn. 180–81.

The judgment is affirmed.

In this opinion the other judges concurred.