RHONDA L. BROSS, CONSERVATRIX (ESTATE OF ROSS A. COX, JR.) *v.* HILLSIDE ACRES, INC.
(AC 25728)

Schaller, DiPentima and Dupont, Js.

Argued September 23, 2005—officially released January 3, 2006

*Joseph M. Merly*, with whom, on the brief, was *John R. Williams*, for the appellant (plaintiff).

*Richard A. Roberts*, with whom, on the brief, was *Thomas J. Lengyel*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Rhonda L. Bross, acting in her capacity as conservatrix of the estate of Ross A. Cox, Jr., appeals from the judgment rendered in favor of the defendant, Hillside Acres, Inc., after the trial court granted the defendant's motion to strike her second amended complaint. On appeal, the plaintiff claims that the court improperly determined that the second amended complaint failed to state a claim on which relief could be granted. We agree and, accordingly, reverse the judgment of the trial court.

The following procedural history and relevant facts, taken from the plaintiff's pleadings, are necessary for our discussion.[1] The plaintiff commenced the action on August 19, 2003. In her first amended complaint, dated January 9, 2004, the plaintiff alleged that Cox had suffered a severe traumatic brain injury as a result of an automobile accident on April 29, 1997. In February, 1999, Cox and the defendant entered into an implied contract in which Cox would pay substantial fees to the defendant. In exchange, the defendant was obligated to provide Cox with a safe and supportive residential environment and to assist him in becoming more self-sufficient and better able to function in society. The plaintiff further alleged that the defendant breached that contract by using Cox as "cheap agricultural labor

---

[1] "In ruling on a motion to strike, we take the facts alleged in the complaint as true." *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 691, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005).

on its farm," and "entirely failed to assist him in becoming more self-sufficient and better able to function in society." As a result of those breaches, Cox suffered "a significant setback in his progress toward recovery, [and suffered] physical injury and economic loss."

On February 3, 2004, the defendant filed a motion to strike the plaintiff's first amended complaint for failure to state a claim on which relief could be granted. The defendant argued that the plaintiff's claim essentially was a tort cause of action disguised as a claim for breach of contract. On March 25, 2004, the court issued its memorandum of decision granting the defendant's motion. The court determined that despite the general use of contract language, "the specific factual allegations on which this claim is based sound in negligence." Specifically, the court stated that compensation for the type of injuries allegedly sustained by Cox generally was recoverable as tort rather than contract damages. "There are no claimed damages seeking recovery for fees paid under the alleged implied contract. Thus, the court agrees with the defendant that 'the [first amended] complaint purports to state a cause of action under a theory of implied contract when it is actually a tort claim cloaked in contract garb.' "

On March 30, 2004, the plaintiff filed a second amended complaint. That pleading included the allegations set forth in the first amended complaint that had been stricken by the court, plus one modification: "As a result of the defendant's breach of its contract, [Cox] and the plaintiff have suffered the loss of their fees described [in the second amended complaint]." On June 3, 2004, the defendant filed a motion to strike the second amended complaint on the ground that because the allegations again sounded solely in negligence, its single cause of action was barred by the statute of limitations. The defendant also argued that the "limited alteration to the type of damages sought [was] insufficient to cure

the remaining defects inherent in the complaint." The court granted the defendant's motion, citing *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 815 A.2d 1188 (2003), for the proposition that the second amended complaint alleged mere conclusions of law unsupported by facts. On July 14, 2004, the defendant filed a motion for judgment, which the court granted on August 5, 2004. This appeal followed. Additional facts will be set forth as necessary.

## I

As a preliminary matter, we must consider whether the plaintiff waived her right to appeal. Specifically, if the plaintiff's second amended complaint was not materially different from the first amended complaint that had been stricken by the court, then she waived her right to appeal. We are persuaded that the second amended complaint was materially different from the first amended complaint, and, therefore, she did not waive her right to appeal.

Our decision in *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994), is the appropriate starting point for our discussion. In that case, this court stated: "After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options. He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike]. . . . The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the

case. The filing of the amended pleading is a withdrawal of the original pleading." (Internal quotation marks omitted.) Id., 49; see also *Royce* v. *Westport*, 183 Conn. 177, 178–79, 439 A.2d 298 (1981); *Parker* v. *Ginsburg Development CT, LLC*, 85 Conn. App. 777, 781, 859 A.2d 46 (2004); Practice Book § 10-44.

In *Nestor* v. *Travelers Indemnity Co.*, 41 Conn. App. 625, 627 n.3, 677 A.2d 475, cert. denied, 239 Conn. 903, 682 A.2d 1004 (1996), we stated that "[i]f the amended complaint merely restates the original cause of action that was stricken, the plaintiff may not appeal the granting of a subsequent motion to strike." See also *Parker* v. *Ginsburg Development CT, LLC*, supra, 85 Conn. App. 781–82; *Doe* v. *Marselle*, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).

The question before us is whether the plaintiff's second amended complaint merely restated the cause of action found in the first amended complaint that was stricken by the court. If so, the plaintiff has waived her right to appeal. If, however, the plaintiff's second amended complaint is materially different, her appeal is proper.

Our Supreme Court has stated that "[t]]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005); see also *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 267, 865 A.2d 488 (interpretation of pleadings presents question of law subject to de novo review on appeal), cert. denied, 273 Conn. 916, 871 A.2d 372 (2005). Furthermore, "[t]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial

justice between the parties." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Owen*, 88 Conn. App. 806, 813, 873 A.2d 1003, cert. denied, 275 Conn. 902, 882 A.2d 670 (2005). We must compare the first amended complaint with the second amended complaint to determine whether the latter is materially different from the former.

In the first amended complaint, the plaintiff alleged that Cox and the defendant entered into an implied contract. The terms of that contract specifically required Cox to pay "substantial fees" to the defendant in exchange for the defendant's agreement to provide Cox with a "safe and supportive residential environment," and to "assist him in becoming more self-sufficient and better able to function in society." The plaintiff further claimed that both she and Cox had complied fully with their contractual obligation to pay the fees, but the defendant breached the contract by using him as "cheap agricultural labor" on its farm, "entirely fail[ing] to assist him in becoming more self-sufficient and better able to function in society," and allowing one of its employees to assault and to "beat" Cox. The plaintiff's final allegation was a claim for damages for the significant setback in Cox' recovery and for physical injury and economic loss. The claim for damages was the portion that the court concluded was problematic and cause for granting the defendant's motion to strike. Although the revised complaint appeared at first to set forth a claim for the breach of an implied contract, the damages requested were those associated with an action in tort law rather than contract law. Essentially, the court determined that the plaintiff had failed to allege the proper type of damages, a necessary element in a breach of contract claim. See *Shah* v. *Cover-It, Inc.*, 86 Conn. App. 71, 74 n.3, 859 A.2d 959 (2004). Having failed to allege all of the necessary elements of her cause of action, the court struck the

plaintiff's revised complaint. See, e.g., *Ross* v. *Forzani*, 88 Conn. App. 365, 367, 869 A.2d 682 (2005).

In her second amended complaint, however, the plaintiff cured the defect with respect to damages. Specifically, after realleging the elements of an implied contract, Cox' performance and the defendant's subsequent breach, the plaintiff set forth the following: "As a result of the defendant's breach of its contract, [Cox] and the plaintiff have suffered the loss of their fees described [in the complaint]."[2]

"The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and dam-

[2] The second amended complaint set forth the following allegations:

"1. The plaintiff is an adult citizen of the United States residing in Old Lyme, Connecticut. She was appointed by the Probate Court for the District of Bristol as the Conservatrix of the Estate and Person of Ross A. Cox, Jr., on February 22, 2001. She brings this action in that capacity.

"2. The defendant is a Connecticut corporation having its principal places of business at 1260 Woodtick Road and 483 Wolcott Road in Wolcott, Connecticut.

"3. On April 29, 1997, Ross A. Cox, Jr., (hereinafter 'Ross') suffered a severe traumatic brain injury as a result of an automobile accident. He has never recovered.

"4. On or about February 3, 1999, Ross and the defendant entered into an implied contract by the terms of which Ross and the plaintiff agreed to pay substantial fees to the defendant on a regular basis and the defendant in turn agreed to provide Ross with a safe and supportive residential environment and to assist him in becoming more self-sufficient and better able to function in society.

"5. Ross and the plaintiff fully complied with their part of the aforesaid implied contract.

"6. The defendant breached its aforesaid implied contract in one or more of the following ways: A. Ross was a resident in the custody of the defendant from February, 1999, through February, 2000. During that time, the defendant used him primarily as cheap agricultural labor on its farm and entirely failed to assist him in becoming more self-sufficient and better able to function in society. B. On February 24, 2000, a member of the defendant's staff physically assaulted and beat Ross at one of the defendant's facilities.

"7. As a result of the defendant's breach of its contract, Ross and the plaintiff have suffered the loss of their fees described above."

ages." (Internal quotation marks omitted.) *Rosato* v. *Mascardo*, 82 Conn. App. 396, 411, 844 A.2d 893 (2004). The plaintiff's second amended complaint set forth all of those elements while her first amended complaint did not. We conclude that the record reveals an amended pleading that alleges all of the required elements of the cause of action and cures the defective nature of the prior pleading. As a result, the second amended complaint is materially different from the first amended complaint. Accordingly, the plaintiff did not waive her right to appeal.

II

Having determined that the plaintiff's appeal is properly before us, we turn to its merits. The plaintiff argues that the court improperly struck her second amended complaint. We agree.

"We begin by setting out the well established standard of review in an appeal from the granting of a motion to strike. Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendant's motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) *Olson* v. *Bristol-Burlington Health District*, 87 Conn. App. 1, 4, 863 A.2d 748, cert. granted on other

grounds, 273 Conn. 914, 870 A.2d 1083 (2005). Furthermore, it is well established in our jurisprudence that "pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000); *Benedetto* v. *Wanat*, 79 Conn. App. 139, 148, 829 A.2d 901 (2003).

We already have concluded in part I that the plaintiff's second amended complaint alleged all of the essential elements of a breach of an implied contract claim. Although the plaintiff's second amended complaint is sparse, the allegations and their accompanying implications, if proved, would support the claim for breach of an implied contract. See *Vacco* v. *Microsoft Corp.*, 260 Conn. 59, 65, 793 A.2d 1048 (2002). The complaint alleged the basic elements of a breach of contract action, namely, formation, performance, breach and damages. We disagree with the court's conclusion that the second amended complaint set forth only legal conclusions unsupported by the facts alleged.

The defendant argues that our Supreme Court's holding in *Gazo* v. *Stamford*, 255 Conn. 245, 765 A.2d 505 (2001), applies in the present case. In *Gazo*, the plaintiff claimed to have suffered injuries as a result of a slip and fall on an icy sidewalk. Id., 247. The plaintiff filed an action against the city of Stamford and Chase Manhattan Bank, N.A. (Chase Bank), which in turn filed an apportionment complaint against Joseph Pierni, Jr., doing business as Pierni Construction (Pierni), the company that had been hired to remove snow from the sidewalk. Id. The plaintiff then filed a substitute complaint that alleged, inter alia, negligence, absolute public nuisance, public nuisance arising out of negligence and breach of contract against Pierni. Id., 247–48. "The breach of contract count was based on an allegation that the plaintiff was a third party beneficiary of a contract between Chase Bank and Pierni." Id., 248. The court

struck that claim against Pierni, and the plaintiff appealed.

In affirming the trial court's decision to strike that claim, our Supreme Court stated: "We acknowledge that the plaintiff used language that ordinarily would be sufficient to plead a third party beneficiary cause of action. . . . Nonetheless, despite the specificity of these allegations and the established standard of review thereof, we conclude that, as a matter of law, the plaintiff may not be considered a third party beneficiary of the contract between Chase Bank and Pierni. Put another way, the liability of Pierni to the plaintiff, if any, is based on principles of tort law, and the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint.

"Although ordinarily—indeed, in most cases—in reviewing a motion to strike, the court must take the plaintiff's allegations at face value, that rule is not absolute. We have, on occasion, looked beyond the specific language of a pleading to discern its real underlying basis. . . . In our view, this is an appropriate case in which to pierce the pleading veil." (Citation omitted; internal quotation marks omitted.) *Gazo* v. *Stamford*, supra, 255 Conn. 262–63.

Thus, in *Gazo*, our Supreme Court "look[ed] beyond the language used in the complaint to determine what the plaintiff really seeks. Just as [p]utting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender . . . putting a contract tag on a tort claim will not change its essential character. An action in contract is for the breach of a duty arising out of a contract; an action in tort is for a breach of duty imposed by law. [W]hen the claim is one for personal injury, the decision usually has been that the

gravamen of the action is the misconduct and the damage, and that it is essentially one of tort, which the plaintiff cannot alter by his pleading. W. Prosser, Torts (3d Ed. 1964) § 94, pp. 642–43. It is clear that the gravamen of the plaintiff's third party beneficiary contract theory is in reality a tort arising out of a contract." (Citation omitted; internal quotation marks omitted.) *Gazo* v. *Stamford*, supra, 255 Conn. 262–63.

*Gazo* is distinguishable from the present case. In *Gazo*, the relevant portions of the complaint sounded in negligence. "In count nine of the plaintiff's substitute complaint, paragraph thirteen, the plaintiff alleged that Pierni was liable because: *'The Plaintiff's injuries and damages were caused by the negligence or carelessness of the defendant or its agents, servants or employees in one or more of the following respects*: (a) In that they caused or allowed, and permitted the sidewalk to be and remain in a dangerous, defective, and unsafe condition; (b) In that they caused or allowed and permitted the sidewalk to be and remain covered with large mounds of old ice and snow, when the same was dangerous to the plaintiff and others; (c) In that they caused, allowed and permitted the sidewalk area to be blocked with an accumulation of ice and snow, when same was dangerous to the plaintiff and others; (d) In that they caused, maintained or allowed an accumulation of ice and snow to exist on the sidewalk when they knew or in the *exercise of reasonable care* should have known that this would create a dangerous and hazardous condition to those using said premises, including the plaintiff; (e) [I]n that they failed to remedy or repair said conditions when the same were reasonably necessary under the circumstances; (f) [I]n that they failed to warn the plaintiff of the conditions set forth therein; (g) [I]n that they failed to make a proper and reasonable inspection; (h) [I]n that they maintained said sidewalk in the aforesaid conditions for a period of time; (i) [I]n that they

failed to discover and correct or remedy said conditions; (j) [I]n that they failed to place sand or otherwise make . . . the sidewalk safe; and (k) [I]n that they failed to clear a pathway to traverse the sidewalk.' " (Emphasis added.) Id., 263–64 n.7.

Similarly, the request for damages by the plaintiff in *Gazo* was for those normally associated with a tort claim. "In count nine of the plaintiff's substitute complaint, paragraphs seven through twelve, *the plaintiff alleged the following damages*: a right leg fracture; blood clots; *severe shock* to his entire nervous system; severe physical, mental and emotional distress; *extreme pain and suffering*; depression; lethargy; loss of appetite; nervousness; fear of death; embarrassment; limitation of activities; *inconvenience*; disability; limitation of motion; *the inability to perform household, recreational and normal duties, activities and functions*; lost wages; permanent partial destruction of earning capacity; fear of future medical complications; and the expenditure of money, and possible future expenditures, for medical care and treatment, physical therapy, hospitalization, surgical care and treatment, therapeutic care and treatment, pharmaceutical expenses, medical devices, ambulatory care, radiological treatment and diagnostic treatment." (Emphasis added.) Id., 264 n.8; see also *Lind-Larsen* v. *Fleet National Bank of Connecticut*, 84 Conn. App. 1, 16, 852 A.2d 799 (damages sought for pain, suffering indicative that complaint sounded in tort rather than contract), cert. denied, 271 Conn. 940, 861 A.2d 514 (2004).

The plaintiff in the present case has set forth a seven paragraph complaint that alleges only a breach of contract cause of action and not a claim for damages caused by a personal injury. Unlike the complaints in *Gazo* or *Lind-Larsen*, the complaint contains no language that indicates a tort action. To be sure, the complaint alleges an assault on Cox, but that allegation is merely an

instance of how the defendant breached its contractual obligations and duties. There is also no claim for any damages except those associated with the implied contract between the parties. In the present case, no language in the second amended complaint indicates a tort cause of action. It simply states a claim for the breach of an implied contract. Under those circumstances, it would be improper to "pierce the pleading veil"; *Gazo* v. *Stamford*, supra, 255 Conn. 263; and to interpret the second amended complaint as essentially alleging a tort action.[3]

The defendant further argues that the plaintiff is using the breach of contract claim[4] to circumvent the statute of limitations for tort claims.[5] Although the plaintiff, by framing her cause of action as a breach of contract, has an additional four years to bring the claim, the defendant's potential liability has been restricted to the contract fees paid.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[3] We note that although it may be tempting to reach beyond the pleadings and to conclude that the plaintiff in reality has raised a tort claim, we are limited and constrained by our standard of review with respect to a motion to strike. Accordingly, we must read the plaintiff's second amended complaint in the light most favorable to sustaining its legal sufficiency. In doing so, we are satisfied that it contains all of the necessary elements of a breach of contract action.

[4] General Statutes § 52-576 (a) provides in relevant part that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[5] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."