## ANDRIA WARD v. DISTINCTIVE DIRECTORIES, LLC
### (AC 27715)

Flynn, C. J., and Harper and Peters, Js.

Argued September 18—officially released October 23, 2007

---

*Rachel M. Baird,* for the appellant (plaintiff).

*Jefferson D. Jelly,* with whom was *Marisa A. Mascolo,* for the appellee (defendant).

*Opinion*

PER CURIAM. Under Connecticut case law of long standing, contracts for permanent employment or for an indefinite term are terminable at will. See, e.g., *Torosyan* v. *Boehringer Ingelheim Pharmaceuticals, Inc.,* 234 Conn. 1, 14, 662 A.2d 89 (1995). Ordinarily, when such a contract is terminated, a disappointed employee has an enforceable claim for relief only if he or she can establish promissory estoppel, unjust enrichment or fraud. In this case, the employee challenges the trial court's determination that she failed to establish the requisite factual predicates for any of these three theories of recovery. We affirm the judgment of the court in favor of the employer.

On August 5, 2004, the plaintiff, Andria Ward, filed a four count complaint against the defendant, Distinctive Directories, LLC, in which she sought to recover damages for breach of contract, breach of a duty of good faith, promissory estoppel and unjust enrichment arising out of the termination of her employment by the defendant. After the trial court, *Shapiro, J.,* granted the defendant's motion to strike the first two counts, the plaintiff filed a substitute complaint deleting those counts and adding a count alleging fraudulent misrepresentation. The trial court, *Bryant, J.,* found that the plaintiff had failed to establish a factual basis for any count and rendered judgment on the merits for the defendant. The plaintiff has appealed.

The underlying facts found by the trial court are undisputed. The plaintiff accepted an offer for employment as a sales representative on a commission basis. The defendant agreed to guarantee that the plaintiff's income would be at least $4583.33 per month for the first six months of employment. The defendant terminated the plaintiff's employment after less than three months for nonperformance. The plaintiff construed the employment contract as entitling her to compensation for six months, whether or not her relationship with the defendant had been terminated.

On appeal, the plaintiff challenges the validity of a number of other trial court findings of fact concerning her employment by the defendant.[1] The trial court found that the plaintiff had failed to prove that the defendant had made any misrepresentations to her or had fraudulently induced her to become its employee. Specifically, it found that the defendant had not made any untrue statements of fact and had not made unfair use of the plaintiff's prior professional experience.

In challenging a trial court's factual findings, an appellant often has a daunting task. To succeed, the appellant must demonstrate that the court's findings were clearly erroneous. See Practice Book § 60-5; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

In this case, in addition, the plaintiff's appeal also must take account of the earlier ruling by Judge Shapiro granting the defendant's motion to strike the contract count of her original complaint.[2] Judge Shapiro held that, because the plaintiff's employment contract with

[1] In her appeal, the plaintiff challenges only the court's rulings that she failed to establish her claims of promissory estoppel and fraudulent misrepresentation. She has not pursued her claim that the defendant was unjustly enriched by her work.

[2] Judge Shapiro also struck the second count of the original complaint alleging breach of the covenant of good faith and fair dealing.

the defendant was a contract for an indefinite term, her employment was terminable by the defendant at will. See *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 158–59, 745 A.2d 178 (2000); *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 474, 427 A.2d 385 (1980).

Judge Bryant recognized that, by filing a substitute complaint, the plaintiff had waived her right to contest the validity of Judge Shapiro's ruling. See *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74, 700 A.2d 655 (1997); *Ross* v. *Forzani*, 88 Conn. App. 365, 368, 869 A.2d 682 (2005). Accordingly, Judge Bryant found that although "[t]he plaintiff was eligible to earn [a stipulated] monthly guaranteed salary as long as she was employed by the defendant . . . [t]he parties did not agree that [the plaintiff] would be retained for a minimum period of time . . . ." (Citation omitted.)

Instead of confronting Judge Bryant's adverse findings directly, the plaintiff asserts that the defendant, motivated by its own cash flow problems,[3] never intended to honor its obligations to her. She faults the court for finding credible the testimony of two of the defendant's witnesses. She disputes the court's characterization of her compensation employment package as "generous."

It suffices to note that the plaintiff had the opportunity to persuade the trial court that she had been misled and misused. She does not claim that the court made evidentiary rulings that precluded her from proving her case. She does not deny the authority of the court to make determinations of credibility. Because we are not persuaded that any of the court's findings were clearly erroneous, we cannot sustain the plaintiff's appellate claims.

---

[3] The defendant did not concede the existence of cash flow problems.

As Judge Bryant noted, the plaintiff's appeal manifests her failure to grasp the significance of Judge Shapiro's ruling that, as a matter of law, her employment contract with the defendant was terminable at will. Having agreed to such a contract, the plaintiff took the risk that her employment would end earlier than she had anticipated. The defendant did not have to justify its termination of their relationship.

The judgment is affirmed.