******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BECK AND BECK, LLC *v.* JAMES T. COSTELLO
(AC 36225)

Beach, Sheldon and Harper, Js.

*Argued May 12—officially released August 11, 2015*

(Appeal from Superior Court, judicial district of
Fairfield, Levin, J. [motion to strike]; Sommer, J.
[motion to strike.])

*James T. Costello*, self-represented, the appellant
(defendant).

*Lauren R. Masotta*, for the appellees (plaintiff and counterclaim defendant).

*Opinion*

SHELDON, J. In this action arising from the legal representation of the defendant, James T. Costello, by the plaintiff, Beck & Beck, LLC, the defendant appeals from the judgment of the trial court striking his counterclaims against the plaintiff law firm and its principal, Kenneth A. Beck.[1] We reverse the judgment of the trial court on the defendant's counterclaim and remand the matter for further proceedings.[2]

On August 30, 2011, the plaintiff filed this action in small claims court against the defendant seeking to recover unpaid legal fees for its prior representation of the defendant in a receivership action against the defendant's condominium association. The defendant filed a motion to transfer this case to the regular docket of the Superior Court pursuant to Practice Book § 24-21. He also filed an answer, a special defense, and a four count counterclaim alleging breach of contract, breach of the implied covenant of good faith and fair dealing, professional malpractice, and violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq.

After the case was transferred, the plaintiff filed a motion to strike the defendant's entire counterclaim on the ground that the defendant's claims were legally insufficient because he "[could not] possibly establish proximate cause or damages . . . ." The trial court, *Levin*, *J.*, granted the plaintiff's motion to strike.

The defendant thereafter moved to cite in the plaintiff's principal, Attorney Kenneth A. Beck, individually, as a counterclaim defendant. After the court granted the defendant's motion to cite in Beck, the defendant filed an amended answer, a special defense, and a counterclaim against the plaintiff, and a parallel cross claim against Attorney Beck.[3] The amended counterclaim and parallel cross claim pleaded claims that were essentially identical to those pleaded in the defendant's stricken counterclaim. The plaintiff thereafter moved to strike the defendant's amended counterclaim on two grounds: first, that the defendant could not prevail on any claim set forth in his counterclaim because he could not prove the causation or damages elements of any such claim; and second, that "[t]he counterclaims and cross claims mirror the previously stricken counterclaims."

The court, *Sommer*, *J.*, granted the plaintiff's motion to strike in a memorandum of decision originally filed on July 9, 2013, and later corrected on September 27, 2013. The court determined that the defendant had "failed to submit a justiciable claim to the court, thus depriving the court of jurisdiction, that is, the authority to decide those claims on their merits, because it lacks jurisdiction as a matter of law." The court rendered judgment on the counterclaim and cross claim on October 7, 2013, and this appeal followed.[4]

"Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the [pleading] would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a [pleading] challenged by a . . . motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 317–18, 907 A.2d 1188 (2006). "The trial court may not seek beyond the [challenged pleading] for facts not alleged, or necessarily implied, and this court will not." *Fortini* v. *New England Log Homes, Inc.*, 4 Conn. App. 132, 135, 492 A.2d 545, cert. dismissed, 197 Conn. 801, 495 A.2d 280 (1985).

In the court's memorandum of decision granting the plaintiff's motion to strike the defendant's counterclaim, the court referred to and relied on "the record in the underlying case," presumably the receivership action. In so doing, it strayed beyond the permissible bounds of its authority in assessing the legal sufficiency of a claim on a motion to strike.[5] The plaintiff agreed in its argument before this court that the trial court had improperly relied upon evidence outside the four corners of the defendant's counterclaim in determining the legal sufficiency of that pleading. Because the court relied on facts that were not contained in the defendant's counterclaim in assessing its legal sufficiency, its judgment striking that pleading cannot stand.[6]

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Although Beck signed the motion to strike on behalf of his law firm as the plaintiff in this action, he did not move to strike the counterclaim against him individually. The court's memorandum of decision did not mention Beck at all in his capacity as a counterclaim defendant, but purported to dispose of the defendant's counterclaim in its entirety. When the court subsequently rendered judgment on the motion to strike, the motion for judgment thereon, which was filed by the defendant, represented that the court had stricken his counterclaim in its entirety. Thus, although it would appear from the record, prior to the filing of the defendant's motion for judgment, that his counterclaim against Beck individually remained pending, it is apparent that the parties and the court presumed otherwise. This confusion is representative of the tortuous procedural history of this case, the complete recitation of which is not necessary for our resolution of the defendant's claim on appeal. For purposes of this appeal, we will assume that the counterclaim was stricken in its entirety and that the defendant is appealing the judgment rendered by the court in favor of the plaintiff and Beck individually, both as counterclaim defendants.

[2] After the court rendered judgment on the defendant's counterclaim, the case proceeded to trial on the plaintiff's complaint. Following a trial to the court, the court rendered judgment in favor of the plaintiff in the amount of $750. The court declined the plaintiff's request for attorney's fees pursuant to General Statutes § 52-251a. In its brief to this court, the plaintiff contends that it is entitled to said attorney's fees. Because the plaintiff failed to appeal from the court's judgment in this regard, that claim is not properly before us. The defendant likewise has not challenged the court's judgment on the plaintiff's complaint.

[3] The cross claim against Beck individually is included in the defendant's counterclaim. For ease of reference, we refer to the entire pleading as the defendant's counterclaim.

[4] The defendant also claims that the trial court improperly granted this initial motion to strike his counterclaim. He contends that his counterclaim was legally sufficient and that he was denied his right to a hearing on that motion to strike. He previously had filed an appeal of the court's initial striking of his counterclaim, but that appeal was dismissed for lack of a final judgment. As explained herein, the defendant thereafter amended his counterclaim. It would thus appear, on the record before us, that by filing an amended pleading, the defendant waived his right to challenge the striking of his initial counterclaim. See *Parker* v. *Ginsburg Development CT, LLC*, 85 Conn. App. 777, 780, 859 A.2d 46 (2004). We leave the question of what effect, if any, the striking of that counterclaim had on the amended counterclaim to the trial court for resolution on remand.

[5] For example, the trial court found the following: "The action underlying this case was an application by the defendant for appointment of a receiver for a condominium association. By way of background, the plaintiff filed a motion in that case which the court heard on October 22, 2010, and denied. Thereafter, the defendant terminated the plaintiff's services and filed a pro se appearance on January 3, 2011. He then filed three successive motions for order. The court scheduled hearings on those motions for August 29, 2011, and September 6, 2011. Pursuant to Practice Book [§] 14-3, the court dismissed the defendant's claim for failure to prosecute. The defendant has not presented any facts which would support a finding by this court that any court order issued in the underlying action for appointment of a receiver was the result of the plaintiff's actions. The defendant's own conduct, or failure to act, not anything attributable to the plaintiff . . . resulted in dismissal. The action for appointment of receivership remained pending for almost a year after [the defendant] terminated representation by the plaintiff. There is no indication that the dismissal was related in any way to the plaintiff's action. In fact, the record establishes that the defendant's own actions or failure to act while representing himself were the cause of the dismissal. Furthermore, even upon dismissal of his case, the defendant was not without a remedy. Connecticut law provides a statutory remedy to reinstate a dismissal case, the accidental failure of suit statute [General Statutes] § 52-592. On October 22, 2010, Judge Tyma stated that the defendant could bring another motion for the appointment of receiver, and that he should consider retaining an expert. Based on the record in this case, the defendant cannot claim he was harmed by the court's decision on October 22, 2010. . . .

\* \* \*

"According to the record in the underlying case, at the time Judge Tyma denied the motion for appointment of receiver on October 22, 2010, he told the defendant he could bring another motion for appointment of receiver and if he did so, [he] should consider retaining an expert. The defendant was not damaged, nor was he precluded from asserting his rights or prosecuting his claim as a result of the October 22, 2010 court order. The defendant chose not to pursue his claim or in any way protect his own rights."

The court determined, on the bases of these facts, inter alia, that there was no controversy between the plaintiff and the defendant, and that the defendant's claim was thus not justiciable. None of these facts are ascertainable from the defendant's counterclaim.

[6] Because we reverse the trial court's judgment on the one ground raised by the defendant, we need not address any other possible infirmities with the court's decision.