IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Banyan Investment Company, LLC, | ) | OPINION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20100899-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Steven Evans, Mark Mandel, Mike | ) | (November 29, 2012) |
| Riddle, Scott Robbins, and Robert | ) | |
| McOmber, | ) | 2012 UT App 333 |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Third District, Salt Lake Department, 100910352
The Honorable Anthony B. Quinn

Attorneys:    Richard F. Ensor, Kari A. Tuft, and Melinda A. Morgan, Salt Lake City,
              for Appellant
              Erik A. Olson and Jason R. Hull, Salt Lake City, for Appellees

-----

Before Judges Orme, Davis, and Voros.

DAVIS, Judge:

¶1      Banyan Investment Company, LLC (Banyan) appeals the trial court's dismissal of its direct claims against Steven Evans, Mark Mandel, Mike Riddle, Scott Robbins, and Robert McOmber (collectively, Defendants). We reverse and remand for further proceedings.

BACKGROUND

¶2     Banyan owns a twenty percent membership interest in Aspen Press Company, LLC (Aspen Press) but is not involved in its management. The other five members of the company, Defendants, manage and participate in the day-to-day operations of Aspen Press.

¶3     Banyan alleges that "Defendants have and continue to engage in a course of conduct that uses Aspen Press for their own personal profit to the detriment of Banyan" and that, "[i]n an effort to conceal their wrongful acts, Defendants are using their power and position within the company to limit Banyan's access to documents and records that evidence Defendants' wrongful conduct." Accordingly, Banyan filed a complaint against Defendants, alleging claims of breach of fiduciary duty and unjust enrichment, and requesting an accounting.

¶4     Defendants filed a motion to dismiss Banyan's complaint on the ground that Banyan's claims could not be brought directly because they were derivative in nature. Accordingly, Defendants argued, Banyan was required to file the claims derivatively and demonstrate that it had complied with rule 23A of the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 23A (outlining the procedures, including demand requirements, that a plaintiff shareholder must comply with in order to maintain a derivative action against other shareholders or members); *Angel Investors, LLC v. Garrity*, 2009 UT 40, ¶ 15 n.4, 216 P.3d 944 (explaining that rule 23A "governs derivative actions brought on behalf of limited liability companies as well" as corporations). Banyan responded that its direct claims were permissible under the closely-held corporation exception elucidated in *Aurora Credit Services, Inc. v. Liberty West Development, Inc.*, 970 P.2d 1273 (Utah 1998).

¶5     The trial court granted Defendants' motion to dismiss because it determined that the closely-held corporation exception "hasn't ever been applied to a limited liability company" (LLC) and has been limited by a number of cases issued after *Aurora*. Nevertheless, the trial court dismissed the case without prejudice and gave Banyan ten days to amend the complaint to allege derivative causes of action in accordance with rule 23A. Banyan did so but subsequently filed a petition for interlocutory appeal of the dismissal, which this court granted.

ISSUE AND STANDARD OF REVIEW

¶6     Banyan challenges the trial court's dismissal of its original complaint alleging direct causes of action, arguing that the trial court erred as a matter of law in concluding that the closely-held corporation exception could not be applied to LLCs. A trial court's dismissal for failure to state a claim "is a question of law that we review for correctness, giving no particular deference to the lower court's determination." *Wright v. University of Utah*, 876 P.2d 380, 382 (Utah Ct. App. 1994).

ANALYSIS

I. Banyan Did Not Waive Its Right to Appeal.

¶7     Before addressing the substance of Banyan's argument, we must first determine whether Banyan waived its right to appeal the trial court's dismissal of its direct action by filing an amended complaint. This question has not been fully addressed in Utah. Generally, "[o]nce a party has amended a pleading, the amended pleading supercedes the original pleading, and the original pleading performs no function in the case." *Campbell, Maack & Sessions v. Debry*, 2001 UT App 397, ¶ 17 n.4, 38 P.3d 984 (citing 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (1990)). In *Kuhre v. Goodfellow*, 2003 UT App 85, 69 P.3d 286, we held that a party who files an amended complaint "waive[s] the right to challenge the dismissal of the [original] complaint because an amended pleading supercedes the original pleading, and the original pleading performs no function." *Id.* ¶ 13 (citation and internal quotation marks omitted).[1] However, in *Kuhre*, the trial court had dismissed the earlier

---

[1]The only other Utah cases of which we are aware that discuss the effect of an amended complaint on an earlier version of the complaint did so in the context of refusing to consider the contents of the original complaint once it had been superseded by the amended complaint. *See Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union 222 v. Motor Cargo*, 530 P.2d 807, 808–09 (Utah 1974) (holding that an agreement attached to the original complaint could not be considered as evidence when the agreement was not included in the amended complaint because "when an amended complaint, complete in and of itself, is filed, the former complaint is functus officio and

(continued...)

complaint based on the fact that the "[p]laintiffs' misrepresentation cause of action [was] not pled with specificity as required by Rule 9(b), [of the] Utah Rules of Civil Procedure." *Id.* ¶ 3 (third alteration in original) (internal quotation marks omitted). The situation presented here is distinguishable in that the trial court dismissed Banyan's original complaint, in effect, on its merits rather than as a result of technical defects. Unlike the plaintiffs in *Kuhre*, who were free to plead the same claim if they did so with the required specificity, it would have been futile for Banyan to replead its direct claims against Defendants because the trial court had already determined that a direct claim was impermissible as a matter of law.

¶8    Some jurisdictions have held that a party absolutely waives the right to appeal the dismissal of a pleading by filing an amended pleading. *See, e.g.*, *Caltabiano v. L & L Real Estate Holdings II, LLC*, 15 A.3d 1163, 1166 (Conn. App. Ct. 2011) ("After a court has granted a motion to strike, the plaintiff may either amend his pleading or, on the rendering of judgment, file an appeal . . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (alterations and omission in original) (citation and internal quotation marks omitted)). Others have held that such a claim can be preserved only by repleading the claim in the amended pleading, regardless of futility. *See, e.g.*, *Abrams v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 715 N.E.2d 798, 803–04 (Ill. App. Ct. 1999) ("A plaintiff desiring to preserve for appeal the previous dismissal of claims either must stand on the dismissed counts and challenge the ruling at the appellate level or reallege or incorporate the dismissed counts in subsequent complaints. A party who files an amended complaint waives any objection to the circuit court's ruling on the former complaint." (citations omitted)).

¶9    However, we find the better rule to be the one adopted by the majority of jurisdictions, which recognizes an exception to the rule that an amended pleading

---

[1](...continued)
cannot be used for any purpose"); *Campbell, Maack & Sessions v. Debry*, 2001 UT App 397, ¶ 17 n.4, 38 P.3d 984 (applying the rule to determine that a verified counterclaim could not be treated as an affidavit when it had been superseded by an amended nonverified counterclaim). These cases do not address the question of whether the act of amending a complaint precludes the filing party from challenging a dismissal of the original complaint.

supersedes and replaces the pleading it amends where claims contained in the original pleading were dismissed on their merits rather than as a result of a technical defect. *See, e.g., Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012); *United States v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 516–17 (3d Cir. 2007); *Young v. Mount Ranier*, 238 F.3d 567, 572–73 (4th Cir. 2001); *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 n.5 (11th Cir. 1999); *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991); *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 89 Cal. Rptr. 3d 473, 478–79 (Cal. Ct. App. 2009); *Prayson v. Kansas City Power & Light Co.*, 847 S.W.2d 852, 859–60 (Mo. Ct. App. 1992); *Wangler v. Lerol*, 2003 ND 164, ¶¶ 26–27, 670 N.W.2d 830; *Surgical Inst. of S.D., PC v. Sorrell*, 2012 SD 48, ¶¶ 22–23, 816 N.W.2d 133. "A dismissal is on the merits when it is with prejudice or based on some legal barrier other than want of specificity or particularity." *Pennsylvania Shipbuilding*, 473 F.3d at 516. Unlike claims dismissed for "indefiniteness, incompleteness or insufficiency, or more technical defects in pleadings," the shortcomings of which can be cured by an amended pleading, *see Davis*, 929 F.2d at 1517 (citation and internal quotation marks omitted), claims dismissed on their merits are futile to replead "because the legal inadequacy cannot be solved by providing a better factual account of the alleged claim," *Pennsylvania Shipbuilding*, 473 F.3d at 517.

¶10    The merits of this approach were recently discussed by the Ninth Circuit Court of Appeals in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Although the Ninth Circuit has long remained "an outlier among the circuits" by subscribing to the more formalistic rule requiring a plaintiff to choose between appeal and amendment when its original claim is dismissed, *see id.* at 926–27; *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (citing cases dating back to 1967 in explaining that "[i]t is the law of [the Ninth C]ircuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint"), *aff'd*, 525 U.S. 299 (1998) (considering the merits of the case without reference to the waiver issue), the *Lacey* court overruled this precedent in favor of the majority rule, *see Lacey*, 693 F.3d at 927–28. The court explained that the more strict approach

> creates a Hobson's choice [for plaintiffs,] . . . a patently coercive predicament between amending the complaint—thereby forgoing the chance to appeal the dismissal of some claims—and appealing the dismissal of

the claims in the original complaint—thereby forgoing the chance to add or replead claims that the plaintiff would otherwise be allowed to add.

*Id.* at 927 (omission in original) (citation and internal quotation marks omitted). Furthermore, counsel is faced with a choice between "failing to preserve issues for appeal and risking sanctions by realleging dismissed claims"; defendants are faced with the prospect of "return[ing] to court to answer the same claims again"; and courts are forced to "wast[e] resources in parsing old claims and reiterating . . . prior rulings." *Id.* at 927–28.

¶11    We agree that "[a] rule that a party waives all objections to the court's dismissal if the party elects to amend is too mechanical and seems to be a rigid application of the concept that [an amended pleading] completely replaces the pleading it amends," and that it "is not logical to deny a party the right to appeal simply because the party decides to abide by the court's order and amend the pleading rather than allowing an adverse judgment to be entered and taking an immediate appeal." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010). Thus, because the trial court's dismissal of Banyan's direct claims was on the merits and it would have been futile for Banyan to reallege them in the amended complaint, Banyan did not waive its right to challenge the dismissal by filing an amended complaint or by failing to reallege the claims as direct claims in the amended complaint.

## II. The Closely-Held Corporation Exception Is Applicable to This Case.

¶12    Banyan maintains that it was entitled to bring a direct action against Defendants under the closely-held corporation exception expounded in *Aurora Credit Services, Inc. v. Liberty West Development, Inc.*, 970 P.2d 1273 (Utah 1998). This exception permits a trial court, under certain circumstances, to "allow a minority shareholder in a closely held corporation to proceed directly against corporate officers." *Id.* at 1280–81 (discussing the parameters of the closely-held corporation exception). Defendants raise two distinct arguments in support of the trial court's determination that the exception could not be applied under the circumstances of this case. First, they assert that the closely-held corporation exception does not apply to LLCs. Second, they assert that even if the exception does apply to LLCs, it does not apply inasmuch as Banyan has failed to allege

that it suffered injury distinct from that suffered by Aspen Press. We address each argument in turn.

A. The Closely-Held Corporation Exception Applies Equally to LLCs and Corporations.

¶13   Banyan challenges the trial court's determination that the closely-held corporation exception does not apply to LLCs. Banyan asserts that the similarities between corporations and LLCs makes it illogical to limit the exception to corporations. We agree.

¶14   In *Angel Investors, LLC v. Garrity*, 2009 UT 40, 216 P.3d 944, the Utah Supreme Court held that rule 23A of the Utah Rules of Civil Procedure, which "speaks in terms of derivative actions brought on behalf of corporations and unincorporated associations, . . . governs derivative actions brought on behalf of limited liability companies as well." *Id.* ¶ 15 n.4; *cf. Arndt v. First Interstate Bank of Utah, NA*, 1999 UT 91, ¶ 24, 991 P.2d 584 (holding that "it is appropriate to apply corporate principles concerning derivative actions to limited partnerships"). We see no reason to deny members of LLCs the opportunity to invoke the closely-held corporation exception, where appropriate, while subjecting them to the same requirements as shareholders of corporations under rule 23A. As the supreme court explained in *Angel Investors*, closely held LLCs, like closely held corporations, are particularly "vulnerable to malfeasance." *Angel Investors*, 2009 UT 40, ¶ 21.

> [I]n closely held corporations, it becomes easy for the majority shareholders to identify themselves as the corporation. These shareholders not only receive the majority of the profits the corporation generates, but they often serve on the board and make operating decisions for the corporation. . . . Majority shareholders of closely held corporations have increased control over the corporation because they likely serve on the corporation's board; their dual roles can make malfeasance easier to conduct as well as justify. Likewise, the nature of a closely held corporation, where there is often a small number of shareholders and many of those may have close ties to each other, lessens the

> likelihood that a minority shareholder will speak out against corporate malfeasance.

*Id.* ¶¶ 21–23 (discussing closely-held corporations in the context of determining whether a minority member of an LLC could bring a derivative action on behalf of the LLC "as a class of one" despite the other members' lack of support for the action). Given that this is essentially the same reasoning behind the closely-held corporation exception, *see Aurora*, 970 P.2d at 1280 ("We recognize that the rationale for requiring an action to proceed derivatively is often absent in a closely held corporation, where it is unlikely that there is a disinterested board because the majority shareholders are often the corporation's managers."), the supreme court's discussion in *Angel Investors*, undertaken in the context of examining a derivative claim brought by a member of an LLC, supports our conclusion that the closely-held corporation exception applies to LLCs. Thus, we determine that the trial court erred by dismissing Banyan's direct claims solely on the basis of its conclusion that the closely-held corporation exception does not apply to LLCs.

B. Banyan Is Not Required to Demonstrate That It Suffered Injury Distinct from the Injury Suffered by Aspen Press in Order to Maintain a Direct Action Under the Closely-Held Corporation Exception.

¶15 Next, Defendants assert that Banyan cannot maintain an action under the closely-held corporation exception because Banyan cannot demonstrate an injury to itself that is distinct from any injury to Aspen Press. However, this requirement applies only to traditional direct actions by shareholders, not actions that would otherwise be derivative but for the applicability of the closely-held corporation exception. To impose this requirement here would be to effectively do away with the closely-held corporation exception because proof of an injury to a shareholder distinct from the injury to the corporation gives rise to a direct cause of action, *see id.*, and makes invocation of the exception unnecessary. *Cf. Torian v. Craig*, 2012 UT 63, ¶¶ 26 n.13, 27 & n.15 (explaining that where a plaintiff alleged an injury to himself that was distinct from the injury suffered by the corporation, he was entitled to sue the majority shareholders directly without invoking the closely-held corporation exception, which is applicable only to derivative claims allowed to be pursued directly). The injury analysis applicable under the closely-held corporation exception requires not a determination that the injury to the shareholder bringing the action is distinct from any injury to the corporation, but a

determination that the injury suffered by the shareholder is distinct from that suffered by other shareholders. *See Arndt*, 1999 UT 91, ¶¶ 21–22 (distinguishing between injuries that are unique to a shareholder and injuries that affect shareholders uniformly).

¶16    When a shareholder can "show . . . an injury to him- or herself that is distinct from that suffered by the corporation," the shareholder may bring a traditional direct action to recover for that injury. *Aurora*, 970 P.2d at 1280. On the other hand, "[a]ctions alleging mismanagement, breach of fiduciary duties, and appropriation or waste of corporate opportunities and assets generally belong to the corporation, and therefore, a shareholder must bring such actions on its behalf." *Id.* Shareholders cannot generally recover directly for injuries resulting from such wrongdoing on the part of corporate officers, and their only remedy is to sue derivatively on behalf of the corporation. *See id.* The closely-held corporation exception applies where a minority shareholder suffers uniquely as a result of majority shareholders engaging in the type of wrongdoing that would ordinarily give rise only to a derivative claim. *See id.* at 1280–81. In such circumstances, a trial court may, in its discretion, allow the shareholder

> to proceed directly with classically derivative claims if the court finds that to do so will not "(i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons."

*GLFP, Ltd. v. CL Mgmt, Ltd.*, 2007 UT App 131, ¶ 22, 163 P.3d 636 (quoting American Law Institute, *Principles of Corporate Governance: Analysis & Recommendations* § 7.01(d) (1994)); *see also Torian*, 2012 UT 63, ¶ 27 n.15; *Aurora*, 970 P.2d at 1280.

¶17    In determining whether a shareholder's injury is such that he may proceed directly with a "classically derivative claim[]," *see GLFP*, 2007 UT App 131, ¶ 22, the supreme court's analysis in *Arndt v. First Interstate Bank of Utah, NA*, 1999 UT 91, 991 P.2d 584, is instructive. In *Arndt*, individuals in a class action suit against the general partners of their respective partnerships attempted to bring derivative claims directly against the general partner under the closely-held corporation exception. *See id.* ¶¶ 5, 7, 16. The *Arndt* court determined that the claimants' injuries stemmed from their "non-particularized interests in their respective partnerships, which interests ha[d] been

20100899-CA                                    9

affected *uniformly* by the fraudulent activity of the general partner," in contrast to the injury "suffered *uniquely*" by the plaintiff in *Aurora*, which was "not necessarily . . . common to all . . . shareholders." *See id.* ¶¶ 21–22 (emphasis added). As a result, the court determined that the closely-held corporation exception did not apply in that particular case. *See id.*

¶18    Here, Banyan alleges that Defendants' mismanagement of Aspen Press caused unique injury to Banyan as a minority member, not that it caused an injury common to all members. Thus, the trial court could permit Banyan to bring its derivative claims against Defendants directly.

¶19    Nevertheless, Defendants assert that it would have been within the trial court's "'broad discretion' to refuse to allow [Banyan] to proceed directly" and urge us to affirm the trial court's ruling on that basis. *See generally GLFP*, 2007 UT App 131, ¶ 22. However, it is clear from the transcript of the hearing on the motion to dismiss that the *only* basis for the trial court's dismissal was its mistaken belief that the closely-held corporation exception did not apply to LLCs. In fact, the trial court's discussion of the issue strongly suggests that it would not have granted the motion to dismiss if not for its determination that the closely-held corporation exception could not apply. The court explained,

> I can see that this is a perfect fit [for the closely-held
> corporation exception]. If you were going to have the
> exception and you were going to apply it to a limited
> liability company, this is the case where you would apply it
> but I'm just not . . . going to be the one to expand it.

Because we determine that the closely-held corporation exception is applicable to LLCs and we agree with the trial court that this case "is a perfect fit" for the exception, we determine that Banyan could bring its derivative claims directly under the closely-held corporation exception.

CONCLUSION

¶20    We determine that Banyan did not waive its right to appeal the dismissal of its direct claims by complying with the trial court's directive that it amend its complaint. Furthermore, we determine that the closely-held corporation exception is applicable to LLCs and, in accordance with the trial court's determination, that the injuries alleged by Banyan are such that the exception applies in this case. Thus, we reverse the trial court's dismissal of Banyan's direct claims and remand to allow Banyan to proceed on those claims.

_____

James Z. Davis, Judge

-----

¶21    I CONCUR:

_____

Gregory K. Orme, Judge

-----

¶22    I CONCUR, EXCEPT THAT AS TO SECTION I, I CONCUR ONLY IN THE RESULT:

_____

J. Frederic Voros Jr., Judge