STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-CV-13-446
JAW - CUM - 3/13/2014

PAUL BEAUDRY, individually and obo
NORTHERN MAINE TRANSPORT, LLC,

    Plaintiffs

    v.

ALAN HARDING, ESQ and
HARDING LAW OFFICES,

    Defendants
and

TYLER HALLETT,

    Party in Interest

DECISION AND ORDER

STATE OF MAINE
Cumb___ nd __ C'_rk's Office

MAR 13 2014

RECEIVED

## FACTUAL AND PROCEDURAL BACKGROUND

This action alleging professional negligence (Count I) and breach of fiduciary duty (Count II) is before the court on defendants' motion for summary judgment. Defendants move for summary judgment on both counts on the grounds that Paul Beaudry (Beaudry) lacks the capacity or the authority to assert a claim on behalf of Northern Maine Transport, LLC (NMT), and Beaudry has no individual claim against the defendants that could arise from the litigation or settlement of an action that existed between NMT and OneBeacon America Insurance Co. (OneBeacon) and that arose from a claim belonging solely to NMT.

NMT filed a lawsuit against OneBeacon and sought recovery of property insurance proceeds pursuant to an insurance policy issued to NMT, after business

property of NMT was destroyed by fire. No individual claims were asserted by Beaudry or Tyler Hallett (Hallett). NMT's Articles of Organization were filed on September 18, 2002, listing Richard L. Currier, Esq. as NMT's registered agent and Tyler Halleet as the manager. NMT was administratively dissolved on September 28, 2009.

NMT and OneBeacon mediated the case on March 14, 2011 in Bangor, Maine. Harding attended the mediation as part of his representation of NMT in the litigation. Both of NMT's two co-equal owners/managers, Beaudry and Hallett, attended the mediation. Beaudry left the mediation before it was completed. Before he left, he told Harding and Hallett "to do whatever you want to do" or "do whatever you need to do." The mediation conference resulted in a settlement that was mutually agreeable to NMT, Hallett and OneBeacon, and those terms were reduced to writing by Attorney Peter Marchesi (Marchesi), counsel for OneBeacon. Hallett accepted the settlement offer on behalf of NMT. The parties then gathered together in one conference room and reached Beaudry by telephone. Marchesi read the hand-written settlement agreement to Beaudry over the speaker phone. Beaudry expressed his agreement to the settlement terms and let Hallett and Harding sign the settlement agreement for NMT and Beaudry.

Beaudry refused to honor the settlement agreement and OneBeacon filed a counterclaim against NMT for breach of contract. The lawsuit, although originally filed in Aroostook County Superior Court, OneBeacon removed the action to the United States District Court for the District of Maine. Harding twice sought additional time for NMT to respond because Hallett and Beaudry did not agree as to how to respond. Finally, Harding filed a motion to withdraw which was granted. He was subpoenaed to testify as a witness on the motion to enforce the settlement agreement. U.S. Magistrate Judge Margaret J.

2

Kravchuk resolved the motion to enforce on October 19, 2011, ruling that Beaudry expressed his agreement to the settlement terms and his agreement let Hallett and Harding sign the settlement agreement for him. A Stipulation of Dismissal was filed with the federal court on December 21, 2011.

Beaudry filed this complaint on or about October 9, 2012. Hallett objects to Beaudry's filing this law suit on behalf of NMT and against Harding and Harding's Law Office.

## DISCUSSION

1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkel v. Livingston,* 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting *Lever v. Acadia Hosp. Corp.,* 2004 ME 35, ¶ 2, 845 A.2d 1178). "A moving party's factual assertions may not be deemed admitted because of an improper response unless those factual assertions are properly supported." *Cach, LLC v. Kulas,* 2011 ME 70, ¶ 9, 21 A.3d 1015. A plaintiff wishing to avoid summary judgment must present a prima facie case for the claim that he is asserting. *Reliance Nat'l Indem. v. Knowles Indus. Servs. Corp.,* 2005 ME 29, ¶ 9, 868 A.2d 220.

3

2.      Capacity or Authority to Bring Suit on behalf of NMT

NMT lacks the capacity to assert any claim against the defendants because an LLC that has been administratively dissolved is barred by statute from prosecuting any action and is solely limited to defending claims. 31 M.R.S. §1592 (2013). Subsection 4(C) provides that "[t]he administrative dissolution of a limited liability company under this section does not impair . . . [t]he right of the limited liability company to defend any action, suit or proceeding in any court of this State." Subsection 4(C) expressly allows an administratively dissolved LLC to defend a court action, but it does not state that an administratively dissolved LLC may bring a lawsuit. This is to be compared to Section 1596(2)(B) which permits the commencement of a suit by or against an LLC that has been voluntarily dissolved or dissolved through judicial dissolution.

Whether the court completes its analysis under the current version of Section 1592 or the prior Act, the provisions regarding administrative dissolution are the same. Both the former and the current LLC Acts expressly allow an administratively dissolved LLC to defend a court action, neither allows it the ability to prosecute one. The absence of NMT's legal capacity to bring suit is dispositive of the summary judgment inquiry with respect to any claims belonging to NMT in this matter.

There is also nothing in either the LLC Act that allows a member or manager of an administratively dissolved LLC to bring a suit on behalf of the LLC. The LLC Act contains a provision that allows a member to bring a derivative action to enforce the LLC's rights. *See* 31 M.R.S. § 1632 (2013). Beaudry has relied on this provision in his complaint. (Pl.'s Compl. ¶¶ 108-09.) A closely held LLC however, such as NMT with only two members, does not come within Section 1632. Under Section 1637, a member

4

of a closely held LLC may bring a derivative action as a direct action, but only "if justice requires."

Justice does not require a direct claim here. First, as explained below, Beaudry does not have an individual claim against the defendants because he has alleged no loss that was personal to him. Second, court decisions from multiple jurisdictions reveal that the "close corporation exception" (to the general requirement that an action for harm to a business entity must be brought by the entity itself or as a derivative claim on behalf of the entity) applies only in situations where the claims asserted are those brought by a minority shareholder against majority shareholders for oppressive majority conduct. *See e.g., Richards v. Bryan*, 879 P.2d 638, 646 (Kan. App. 1994); *Banyan Inv. Co., LLC v. Evans*, 292 P.3d 698, 704 (Utah App. 2012); *Schumacher v. Schumacher*, 469 N.W.2d 793, 798 (N.D. 1991); *Donahue v. Rodd Electrotype Co. of New England, Inc.*, 328 N.E.2d 505, 519 (Mass. 1975). Because this action is not a claim by a minority member for oppressive majority conduct, justice does not require the allowance of a direct action pursuant to 31 M.R.S. §1637(3).

Because neither Section 1632 nor 1637(3) applies, the court is left with a standard corporate analysis. The consent of a majority of LLC members is required to decide any matter within the "ordinary course of activities" of the company. 31 M.R.S. § 1556(2). Unanimous consent is required for "any other act outside the ordinary course" of the company's activities. *Id.* § 1556(3)(C). Because there were only two members of NMT, and Hallett did not consent to filing this suit, a majority of the LLC members did not consent. Therefore, Beaudry lacked the authority to file suit on behalf of NMT.

5

3. No Individual Claim

Finally, plaintiff's argument that he has an individual claim against Harding is without merit. To determine whether the action is derivative or individual, courts look to who suffered the harm and who would benefit from recovery. *See, e.g., Kroupa v. Garbus*, 583 F. Supp. 2d 949, 952 (N.D. Ill. 2008). The underlying suit involved NMT's recovery of insurance proceeds from OneBeacon. The LLC carried the insurance policy, it filed suit against OneBeacon, and it ultimately settled the claim. Any recovery from Harding's alleged malpractice would flow to NMT and not to Beaudry individually. Indeed, Beaudry even acknowledges that "he has suffered no injuries personal to him other than the insurance proceeds NMT would have recovered." Accordingly, Beaudry has no personal claim in this case.

The entry is:

> Defendant's motion for summary judgment is GRANTED on all counts of plaintiff's complaint.

Dated: 3\13\14

Joyce A. Wheeler
Justice, Superior Court

Plaintiffs-Michael Waxman Esq
Defendants-Wendell Large Esq
PII Hallett-Luke Rossignol Esq

6