THOMAS ST. DENIS *v*. VICTORIA DE TOLEDO ET AL.
(AC 25479)

DiPentima, Harper and Mihalakos, Js.

Argued April 29—officially released August 9, 2005

*Edward N. Lerner*, with whom was *Barbara I. Rodgers*, for the appellant (plaintiff).

*Barbara L. Cox*, with whom, on the brief, was *William F. Gallagher*, for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The plaintiff, Thomas St. Denis, appeals from the judgment of the trial court rendered after it granted the motion filed by the defendants, attorney Victoria de Toledo and the law firm of Casper & de Toledo, LLC, to strike his second revised complaint. On appeal, the plaintiff claims that the court improperly granted the motion to strike the first and third counts of his second revised complaint. We conclude that the plaintiff waived his right to appeal from the granting of the motion to strike the second revised complaint and affirm the judgment of the trial court.[1]

In ruling on a motion to strike, we take the facts alleged in the complaint as true. *DeConti* v. *McGlone*, 88 Conn. App. 270, 272, 869 A.2d 271, cert. denied, 273 Conn. 940, 875 A.2d 42 (2005). Here, the allegations include the following facts. The defendants represented the plaintiff in 1994 in a dispute with his former employer, the Card Member Publishing Company (Card Member),[2] a company that marketed club memberships, including "affinity" credit cards. The plaintiff's employment had been terminated by Card Member for chal-

---

[1] Because we conclude that the plaintiff waived his right to appeal from the striking of his second revised complaint, we do not address the merits of his claims.

[2] The plaintiff was a cofounder of Card Member with two other individuals.

lenging certain accounting irregularities at the company, which made it appear to be earning greater revenue and profits than was actually the case. In the course of the representation, the plaintiff shared certain information with the defendants, including Card Member company reports, the existence of a pending venture capital financing between the company and third parties, and his own vulnerabilities, such as the consequences should he be linked to financial improprieties. He also discussed strategy with the defendants, including the creation of a paper trail and what pressure points would yield a quick and lucrative settlement agreement with the company and its executives.

Subsequent to the representation,[3] the plaintiff became chairman of BrandDirect Marketing (BrandDirect), a company that also marketed club memberships. In 1999, the defendants, through de Toledo, agreed to represent Brian Lawe, an employee of BrandDirect, in connection with his claim that BrandDirect was engaging in accounting irregularities similar to those committed by Card Member. Attorney Louis Schwartz, counsel for BrandDirect and the plaintiff, informed de Toledo of her alleged conflict of interest. The defendants, however, continued to represent Lawe and, in the course of the representation, employed strategies similar to those that the plaintiff had discussed with the defendants and that had been used during the defendants' representation of the plaintiff. In June, 1999, the plaintiff reached an agreement with the defendants that they would not represent Lawe against BrandDirect or the plaintiff. The defendants did not honor the agreement, and in October, 1999, Lawe, brought an action against BrandDirect. In that complaint, Lawe alleged that the plaintiff was complicit in the accounting irregularities. As a result of Lawe's allegations, the plaintiff was sub-

---

[3] The record does not disclose whether the defendants ever filed an action on behalf of the plaintiff against Card Member.

ject to an internal investigation, lost a no confidence vote as chairman and was forced to resign.

On September 19, 2000, the plaintiff commenced this action with a three count complaint against the defendants, alleging legal malpractice, breach of fiduciary duty and intentional misrepresentation. In particular, the plaintiff claimed that in the course of representing Lawe, the defendants had made improper use of confidential information that the plaintiff had disclosed to the defendants when they represented him. He further claimed that the defendants had falsely promised to refrain from representing Lawe in order to deter the plaintiff from taking any action to prevent them from representing Lawe. The plaintiff sought compensatory and punitive damages.

On September 10, 2001, the defendants filed a motion to strike the complaint, which the court granted by memorandum of decision issued on April 5, 2002. On January 9, 2003, the plaintiff filed a first revised complaint. The defendants filed a motion to strike the first revised complaint, which the court granted by a memorandum of decision issued June 12, 2003. The plaintiff filed the second revised complaint on July 11, 2003. The defendants then filed a motion to strike that complaint, arguing, inter alia, that it failed to remedy the defects for which the first revised complaint had been stricken. After issuing a lengthy oral opinion on January 8 and 9, 2004, the court struck the complaint in its entirety. Judgment was rendered in favor of the defendants on April 26, 2004. This appeal followed.

After a court has granted a motion to strike, the plaintiff may either amend his pleading or, on the rendering of judgment, file an appeal. *P & L Properties* v. *Schnip Development Corp.*, 35 Conn. App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). "The choices are mutually exclusive [as] [t]he

filing of an amended pleading operates as a waiver of
the right to claim that there was error in the sustaining
of the [motion to strike] the original pleading." (Internal
quotation marks omitted.) Id. If the "allegations in [the
plaintiff's] substitute complaint are not materially dif-
ferent from those in his original complaint . . . the
waiver rule applies, and the plaintiff cannot now chal-
lenge the merits of the court's ruling striking the
amended complaint." *Parker* v. *Ginsburg Development
CT, LLC*, 85 Conn. App. 777, 782, 859 A.2d 46 (2004).
Our review of the court's ruling on the defendants'
motion to strike is plenary. Id., 779–80.

In considering whether the waiver rule applies here,
we first examine the ruling striking the first revised
complaint. In that ruling, the court held that as to count
one alleging legal malpractice, the complaint alleged
insufficient facts to support the requisite element of
breach of duty and, as to all counts, failed to state a
cognizable injury or the causal connection between the
defendants' acts and the injury asserted.[4] In addition,
the court concluded that the third count failed to allege
the precise statement of fact made by the defendants
necessary for pleading intentional misrepresentation.
Finally, the court determined that the complaint suf-
fered from a fatal defect in that it failed to demonstrate
that a substantial relationship existed between the mat-
ter in which the defendants represented the plaintiff
and that in which they represented Lawe.

In the ruling that is the subject of this appeal, the
court performed an extensive review of the deficiencies
of the second revised complaint and then concluded
that the revision failed to correct those defects noted

[4] The court provided a list of deficiencies from which the first revised
complaint suffered, including, that interference with employment was
alleged without setting forth the facts of employment and that conclusionary
statements, such as "suffered serious financial damages," were alleged with-
out supporting facts.

in the orders striking the plaintiff's first two complaints. Our review of the plaintiff's second revised complaint leads us to conclude that although the plaintiff addressed a few of the court's concerns, in general, that complaint simply reemphasized existing allegations without addressing any new material facts to inform the elements of breach of duty, causation or injury alleged in count one. In that regard, the second revised complaint reiterates the fact that the defendants used knowledge of the working of the "affinity" credit card business, gained during their representation of the plaintiff, to the disadvantage of the plaintiff while representing Lawe. It repeatedly refers to the plaintiff's role in creating the strategy used in both his and Lawe's case. It maintains that had the defendants not represented the plaintiff in a prior, similar matter, they would not have had the confidential information that they used against the plaintiff personally in their complaint against BrandDirect. It fails, however, to allege any new facts with regard to the content of the confidential information. None of the additional allegations made in count one of the second revised complaint is truly new. The changes made are not material. See *Parker* v. *Ginsburg Development CT, LLC*, supra, 85 Conn. App. 782; cf. *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74–75, 700 A.2d 655 (1997).

Finally, the differences between the third count as alleged in the first and second revised complaints are minimal. The plaintiff merely reiterates a claim made in count one, that the defendants used his confidential information in the action against BrandDirect, a case that involved essentially the same issues as his case against Card Member. This statement provides no additional support for the plaintiff's claim that the defendants engaged in intentional misrepresentation. It also does not correct the deficiency found by the court,

which was that the third count failed to allege a precise statement of fact made by the defendants.

Because the second revised complaint merely reiterates claims previously disposed of by the court, we conclude that the motion to strike that complaint was properly granted.

The judgment is affirmed.

In this opinion the other judges concurred.