JOHN CALTABIANO ET AL. *v.* L AND L REAL ESTATE
HOLDINGS II, LLC, ET AL.
(AC 30929)

DiPentima, C. J., and Harper and Robinson, Js.

Submitted on briefs October 15, 2010—officially released April 19, 2011

*Laurence V. Parnoff* filed a brief for the appellant (plaintiffs).

*Robert J. Caffrey* filed a brief for the appellees (named defendant et al.).

*Bryan R. Weber* filed a brief for the appellees (BL Companies, Inc., et al.).

*Opinion*

HARPER, J. The plaintiffs in this action for equitable relief and monetary damages, John Caltabiano[1] and The Dohnna, LLC, appeal from the judgment of the trial court in favor of the defendants L & L Real Estate Holdings II, LLC (L & L); Cumberland Farms, Inc.; Robert Landino and BL Companies, Inc.[2] The plaintiffs claim that the court improperly struck the third and

---

[1] After the filing of this appeal, this court granted the motion of Donna C. Vogel, executrix of the estate of John Caltabiano, to be substituted for the plaintiff John Caltabiano.

[2] In addition to those four defendants, the plaintiffs also brought this action against Westport first selectman John Raffa, Westbrook building official Roger Zito, Westbrook zoning enforcement officer Anthony Beccia, the zoning commission of the town of Westbrook and the zoning board of appeals of the town of Westbrook. These additional defendants are not parties to this appeal. We therefore refer in this opinion to L & L; Cumberland Farms, Inc.; Landino; and BL Companies, Inc., collectively as the defendants and individually by name when appropriate.

fourth counts of their substitute revised amended complaint and, thereafter, rendered judgment in the defendants' favor. We affirm the judgment of the trial court.

The record reveals the following relevant procedural history and facts. In January, 2007, the plaintiffs commenced this action. In April, 2007, the plaintiffs filed an amended complaint. In September, 2007, the court granted L & L's motion to dismiss counts one and two of the amended complaint in their entirety. This court affirmed the judgment in *Caltabiano* v. *L & L Real Estate Holdings II, LLC*, 122 Conn. App. 751, 998 A.2d 1256 (2010).

In October, 2007, the defendants filed requests for the plaintiffs to revise the remaining counts of the amended complaint. After the court overruled the plaintiffs' objections to the requests to revise, the plaintiffs, on November 20, 2007, filed a revised amended complaint. Relevant to the present appeal are the third and fourth counts of the revised amended complaint, applicable to the defendants.[3] The third count alleged that the defendants improperly had failed to disclose certain facts in a timely manner to the zoning commission of the town of Westbrook (commission) and the zoning board of appeals of the town of Westbrook (board). The fourth count alleged that the defendants had violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On January 4, 2008, L & L filed a motion to strike counts three and four of the revised amended complaint. Cumberland Farms, Inc., joined in this motion. On February 14, 2008, BL Companies, Inc., and Landino also filed a motion to strike counts three and four of the revised amended complaint. Over the plaintiffs'

---

[3] The first and second counts of the complaint consisted of the following notation: "Dismissed by court, appeal pending."

objection, on August 8, 2008, the court, *Radcliffe, J.,* granted the motions to strike counts three and four.

On August 20, 2008, the plaintiffs filed a substitute revised amended complaint, which, like the revised amended complaint, consisted of four counts with counts three and four setting forth claims against the defendants. On September 19, 2008, L & L and Cumberland Farms, Inc., filed a motion for a judgment of nonsuit and/or a motion to strike counts three and four of the plaintiffs' complaint. Thereafter, on October 7, 2008, BL Companies, Inc., and Landino also filed a motion for a judgment of nonsuit and/or a motion to strike counts three and four of the plaintiffs' complaint. On March 20, 2009, over the plaintiffs' objection, the court, *Arnold, J.,* issued memoranda of decision granting the defendants' motions. The court ordered counts three and four stricken and rendered judgment in the defendants' favor for the plaintiffs' "failure to file a revised or amended pleading responsive to the previous orders of the court." This appeal followed.

First, we address the plaintiffs' claim that the court improperly rendered a judgment of nonsuit, rendering judgment in the defendants' favor as to counts three and four of the substitute revised amended complaint, due to the plaintiffs' failure to file a new pleading following the court's granting of the defendants' motions to strike on August 8, 2008. We reject the plaintiffs' claim.

The defendants brought their motions for a judgment of nonsuit under Practice Book §§ 10-44 and 17-31. Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint . . . or any count in a complaint . . . has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a

new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint . . . or count thereof." Practice Book § 17-31 provides in relevant part: "Where either party is in default by reason of failure to comply with [Practice Book §] 10-8 . . . the adverse party may file a written motion for a nonsuit . . . ." Practice Book § 10-8 provides in relevant part that pleadings "shall first advance within thirty days from the return day, and any subsequent pleadings . . . shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required . . . ."

In determining whether the court properly rendered judgment in the defendants' favor, the issue distills to whether the newly filed pleading—the substitute revised amended complaint—was a "new pleading" in that it was materially different than the revised amended complaint, a pleading that the court had determined to be legally insufficient. That is, the issue is whether the court properly determined that the plaintiffs had failed to remedy the pleading deficiencies that gave rise to the granting of the motions to strike or, in the alternative, set forth an entirely new cause of action. It is proper for a court to "dispose of the substance of a complaint merely repetitive of one to which a demurrer had earlier been sustained." *Royce* v. *Westport,* 183 Conn. 177, 181, 439 A.2d 298 (1981).

"Construction of pleadings is a question of law. Our review of a trial court's interpretation of the pleadings therefore is plenary." *Kovacs Construction Corp.* v. *Water Pollution & Control Authority,* 120 Conn. App. 646, 659, 992 A.2d 1157, cert. denied, 297 Conn. 912, 995 A.2d 639 (2010). Our careful comparison of the revised amended complaint and the substitute revised amended complaint reveals that the two complaints are

materially identical and that, in filing the substitute revised amended complaint, the plaintiffs did not remedy the pleading defects identified by the court in striking counts three and four of the revised amended complaint.[4] The substitute revised amended complaint cannot be said to have advanced the pleadings. Accordingly, we conclude that the court correctly rendered judgment in the defendants' favor on the entire substitute revised amended complaint because the plaintiffs had failed to file a "new pleading" in response to the court's ruling granting the defendants' motions to strike their revised amended complaint.

Second, we address the plaintiffs' claim that the court improperly concluded that they had failed to plead cognizable causes of action in their substitute revised amended complaint of August 20, 2008.[5] We conclude

[4] We agree with the court's characterization of the substitute revised amended complaint: "[It] contains no additional facts to render the allegations sufficiently different from those in the plaintiffs' revised amended complaint. Although the plaintiffs' substitute revised amended complaint . . . was worded in a manner slightly different from the revised amended complaint, it contained no new facts or allegations. The plaintiffs have basically restated the prior allegations."

[5] The plaintiffs have set forth two separately numbered issues in their main brief. Neither issue clearly identifies a specific ruling at issue. The first issue states: "The plaintiffs have stated additional facts in their substitute revised amended complaint, dated August 20, 2008, in accordance with, and satisfying, the decision of the court, *Radcliffe, J.*" The second issue states: "The plaintiffs have stated cognizable causes of action in the third and fourth counts of their amended complaint." In contravention of the rules of appellate procedure, the plaintiffs did not specify the page or pages in their brief where each issue is analyzed. See Practice Book § 67-4 (a). In the body of the brief, the plaintiffs have not separately analyzed each issue listed but have come close to abandoning their claims by providing this court with an analysis of the claims that is conclusory in nature and nearly bereft of a reasoned analysis. See, e.g., *LaBow* v. *LaBow*, 85 Conn. App. 746, 751–52, 858 A.2d 882 (2004) ("[a]s we have stated on occasions too numerous to recite, mere abstract assertions, unaccompanied by reasoned analysis, will not suffice to apprise a court adequately of the precise nature of a claim"), cert. denied, 273 Conn. 906, 868 A.2d 747 (2005). Furthermore, the plaintiffs have not provided this court with separate standards of review for each of these claims. See Practice Book § 67-4 (d). We reiterate that the

that the plaintiffs have waived their right to claim that the court's ruling in this regard was in error.

The plaintiffs' filing of the substitute revised amended complaint acted as a waiver of any claim that the court improperly had stricken counts three and four of the revised amended complaint. "After a court has granted a motion to strike, the plaintiff may either amend his pleading or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Citation omitted; internal quotation marks omitted.) *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 693–94, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005); see also Practice Book § 10-44. Furthermore, if the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint. See *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 74, 700 A.2d 655 (1997).

In light of our conclusion with regard to the first claim, that the substitute revised amended complaint consisted of allegations that were not materially different than those of the revised amended complaint, we conclude that the plaintiffs abandoned their right to claim on appeal that the specific allegations in the substitute revised amended complaint were legally sufficient. Stated otherwise, the substitute revised amended

rules of practice concerning the content and organization of appellate briefs are not mere technicalities or formalities, but are designed to achieve a uniform and fair process of appellate review. Despite the briefing deficiencies, we are able to discern from the plaintiffs' brief the gist of their challenge to the court's rulings on the defendants' motions to strike and for a judgment of nonsuit and will address those legal contentions in this opinion.

complaint did not afford the plaintiffs an opportunity, procedurally or otherwise, to relitigate the adequacy of the counts stricken in the revised amended complaint.

The judgment is affirmed.

In this opinion the other judges concurred.