******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARY ANN RING *v.* LITCHFIELD BANCORP
(AC 39111)

DiPentima, C. J., and Keller and Graham, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant bank for its alleged violation of the Connecticut Unfair Trade Practices Act (§ 42-110 et seq.). The plaintiff had made a $40,000 payment to C Co. pursuant to an agreement to remediate water damage at the plaintiff's home, and although C Co. failed to provide labor or materials to the plaintiff, it deposited the payment into its account with the defendant. The defendant subsequently exercised its right to a setoff against the funds in C Co.'s bank account and informed C Co.'s owner of the setoff, who responded that certain of the funds in its account belonged to the plaintiff. The defendant refused the plaintiff's demand for the return of the payment she had made to C Co., and the plaintiff brought the present action alleging that the defendant's conduct in offsetting the funds in C Co.'s account that included her payment to C Co. violated the act. The trial court granted the defendant's motion to strike the complaint, concluding that the allegations were insufficient to support the requisite elements of a claim under the act. The court reasoned that, in the absence of a seasonable stop payment order or a designation that the money was being held for the benefit of someone other than C Co., once the plaintiff's payment had been deposited in C Co.'s account, it became the property of C Co. and the defendant could exercise its right to a setoff against those funds. The plaintiff thereafter filed an amended complaint again alleging that the defendant had violated the act by offsetting the funds in C Co.'s account. The trial court granted the defendant's motion to strike the amended complaint. The court recognized that the substance of the plaintiff's claim in the original complaint and the amended complaint was not materially different and concluded that the allegations in the amended complaint continued to be insufficient to support a claim under the act. On appeal, the plaintiff claimed that the trial court erred in concluding that she had failed to plead a cognizable cause of action under the act and striking her amended complaint. The defendant argued on appeal that the plaintiff's claim was waived because her amended complaint was not materially different from the original complaint. *Held* that the plaintiff waived her right to appeal from the trial court's ruling granting the motion to strike her amended complaint, as the amended complaint merely reiterated the claim in her original complaint previously disposed of by the court, and the additional alleged facts did not materially alter the allegations in the original complaint: the new factual allegations in the amended complaint did not correct the deficiencies identified by the trial court when it granted the motion to strike the original complaint, and although there were some differences between the two complaints, those differences primarily pertained to the communications between the defendant and C Co.'s owner after the defendant had exercised its right to a setoff, and did not pertain to how the defendant's actions had violated the act.

Argued April 25—officially released July 18, 2017

(Appeal from Superior Court, judicial district of Litchfield, *J. Moore, J.*)

*Procedural History*

Action to recover damages for violation of the Connecticut Unfair Trade Practices Act, and for other relief, brought to the Superior Court in the judicial district of Litchfield, where the court, *J. Moore, J.*, granted the defendant's motion to strike the complaint; thereafter, the court granted the defendant's motion to strike the amended complaint; subsequently, the court granted

the defendant's motion for judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Charles F. Brower*, for the appellant (plaintiff).

*Linda Clifford Hadley*, for the appellee (defendant).

*Opinion*

KELLER, J. The plaintiff, Mary Ann Ring, appeals from the judgment of the trial court rendered in favor of the defendant, Litchfield Bancorp, following the granting of the defendant's motion to strike her amended complaint. On appeal, the plaintiff claims that the court improperly granted the motion to strike because she sufficiently alleged a cause of action against the defendant for violating the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110 et. seq. We conclude that the plaintiff waived her right to appeal from the granting of the motion to strike the amended complaint. Accordingly, we affirm the judgment of the trial court.

As a preliminary matter, we note that "[i]n ruling on a motion to strike, we take the facts alleged in the complaint as true." *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 691, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005). Here, the allegations include the following facts. Water pipes in the plaintiff's home froze and caused significant water damage to the property. The plaintiff engaged the services of a contractor, Chamberlin Kitchen & Bath, LLC (Chamberlin),[1] to repair her home. On May 23, 2015, Chamberlin presented a proposal for the work to be performed, which estimated that the cost to remediate the water damage would be $84,636. The plaintiff accepted that proposal.

After executing a contract with Chamberlin to perform the repairs, the plaintiff made a series of payments to Chamberlin. On June 9, 2015, the plaintiff paid Chamberlin the sum of $10,000. On June 29, 2015, the plaintiff made another payment of $10,000 to Chamberlin. Finally, on July 30, 2015, the plaintiff paid Chamberlin the sum of $40,000. That final payment is the only sum of money in dispute in the present action. Following the final payment on July 30, 2015, Chamberlin did not provide the plaintiff with any materials or perform any labor.

At all relevant times, Chamberlin held a banking account with the defendant. On August 4, 2015, Chamberlin's account had $42,037.36 on deposit, which included the plaintiff's July 30, 2015 payment of $40,000. On that date, the defendant exercised its setoff rights[2] against Chamberlin's account by offsetting the balance in the sum of $42,037.36.

The defendant's setoff of Chamberlin's account was confirmed by a letter sent to Chamberlin's owner, Tyson Chamberlin (Tyson), dated August 4, 2015. That same day, Tyson contacted the defendant's special assets officer, Dan Casey, and informed him that $40,000 of the deposited money in the Chamberlin account belonged to the plaintiff. Casey told Tyson that there was nothing that could be done. Tyson also spoke with the defendant's president, Paul McLaughlin, and claimed that the

defendant was not entitled to the setoff. In addition, the plaintiff, through counsel, made several demands to the defendant and its counsel to return the $40,000 that was deposited in Chamberlin's account. The defendant refused to return the deposited money.

On August 24, 2015, the plaintiff commenced the present action with a one count complaint against the defendant, alleging that its conduct in offsetting the funds in Chamberlin's account violated CUTPA. On September 9, 2015, the defendant filed a motion to strike the plaintiff's complaint, which the court granted by memorandum of decision issued on December 7, 2015. On December 15, 2015, the plaintiff filed an amended complaint, again alleging that the defendant violated CUTPA by offsetting the account.[3] Thereafter, the defendant filed a motion to strike the amended complaint, which the court granted on February 29, 2016. The court rendered judgment in favor of the defendant on April 11, 2016. This appeal followed.

On appeal, the plaintiff claims that the court erred in striking her amended complaint and concluding that she had failed to plead a cognizable cause of action under CUTPA. In response, the defendant argues that the court's ruling was proper because the facts alleged in the amended complaint do not support a cause of action under CUTPA. The defendant also argues that the plaintiff's claim on appeal was waived because her amended complaint was not materially different from the original complaint.[4] We agree with the defendant that the plaintiff waived her claim on appeal.

With respect to the waiver argument, we are guided by the following legal principles and standard of review. "After a court has granted a motion to strike, the plaintiff may either amend his pleading or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading." (Citation omitted; internal quotation marks omitted.) *St. Denis* v. *de Toledo*, supra, 90 Conn. App. 693–94; see also Practice Book § 10-44. "Furthermore, if the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint." *Caltabiano* v. *L & L Real Estate Holdings II, LLC*, 128 Conn. App. 84, 90, 15 A.3d 1163 (2011). "Construction of pleadings is a question of law. Our review of a trial court's interpretation of the pleadings therefore is plenary." *Kovacs Construction Corp.* v. *Water Pollution & Control Authority*, 120 Conn. App. 646, 659, 992 A.2d 1157, cert. denied, 297 Conn. 912, 995 A.2d 639 (2010).

We first examine the ruling striking the original com-

plaint to determine whether the waiver rule applies. *St. Denis* v. *de Toledo*, supra, 90 Conn. App. 694. In that ruling, the court concluded that the complaint alleged insufficient facts to support the requisite elements of a CUTPA claim.[5] With respect to the defendant exercising its setoff rights, the court noted that "once a check has been endorsed, has cleared, and has been deposited into an account, absent a seasonable stop payment order or a designation known to the [defendant] on the account or the money held therein that informs the [defendant] that the money is being held for the benefit of a person other than the account owner, the deposited money becomes the money of the account owner. After that time, the [defendant] may treat it as the account owner's money and exercise its right to a setoff." Ultimately, the court concluded that the alleged facts were insufficient to establish a CUTPA claim and granted the motion to strike.

We next examine the court's ruling on the amended complaint. In granting the defendant's motion to strike the plaintiff's amended complaint, the trial court recognized that the substance of the plaintiff's CUTPA claim in the original complaint and as claimed in the amended complaint were not materially different by stating: "The court will not reiterate its legal discussion of either a motion to strike or of the legal sufficiency of CUTPA claims. Rather, in both of these regards, the court incorporates by reference its December 7, 2015 memorandum of decision striking the original complaint." The court further stated that "the allegations of the substituted complaint are actually less sufficient than those of the original complaint, which at least alleged an unfounded legal conclusion of misappropriation."

On the basis of our review of the relevant pleadings and the court's rulings in granting the defendant's motions to strike, we conclude that the plaintiff failed to allege any new facts in her amended complaint that materially altered the original complaint. In short, none of the new factual allegations in the plaintiff's amended complaint corrected the deficiencies identified by the court when it granted the motion to strike the original complaint. For example, the alleged facts in the amended complaint do not suggest that the defendant owed a duty to the plaintiff as a consumer, that the defendant engaged in an act or practice that was against public policy, or in an act or practice that was immoral, unethical, oppressive or unscrupulous, or alleged a conscious departure from known, standard business norms. See *Artie's Auto Body, Inc.* v. *Hartford Fire Ins. Co.*, 287 Conn. 208, 217–18, 947 A.2d 320 (2008) (discussing elements plaintiff must prove to prevail on CUTPA claim); see also *Ulbrich* v. *Groth*, 310 Conn. 375, 409–410, 78 A.3d 76 (2012). Moreover, the plaintiff failed to allege any facts as to whether the defendant, prior to exercising its setoff rights, was aware or should have been aware that the funds deposited by Chamber-

lin belonged to the plaintiff.[6] We further note that, although there are some differences in the two complaints, the primary differences in the original complaint from the amended complaint pertain to Tyson's communications with the defendant subsequent to the defendant exercising its right to a setoff, as opposed to how the defendant's actions violate CUTPA. In our view, those additions do not materially alter the allegations set forth in the original complaint.

Because the amended complaint merely reiterates the CUTPA claim that was previously disposed of by the court, and the additional alleged facts do not materially alter the original complaint, we conclude that the plaintiff has waived her right to appeal from the court's ruling granting the motion to strike the amended complaint. Thus, we need not reach the merits of her claim.[7] See *St. Denis* v. *de Toledo*, supra, 90 Conn. App. 691 n.1. Accordingly, the court properly granted the motion to strike the amended complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Chamberlin is not a party to the present action.

[2] "Connecticut law, like law generally, treats a deposit in a bank as a promise to pay from the bank to the depositor. If the depositor is also indebted to the bank, such debts of the depositor and the bank are mutual, and the bank may set off a past due debt with deposits held by the bank, provided there is no express agreement to the contrary and the deposit is not specifically applicable to some other particular purpose." *In re Colonial Realty Co.*, 208 B.R. 616, 618 (Bankr. D. Conn. 1997), citing *Southington Savings Bank* v. *Rodgers*, 40 Conn. App. 23, 29, 668 A.2d 733 (1995), cert. denied, 236 Conn. 908, 670 A.2d 1307 (1996).

[3] The plaintiff's amended complaint initially contained two counts: (1) a violation of CUTPA; and (2) a claim for unjust enrichment. During the pendency of the defendant's motion to strike the amended complaint, the plaintiff withdrew the unjust enrichment claim.

[4] We note that the plaintiff has not filed a reply brief in this court addressing the defendant's waiver claim. At oral argument, however, the plaintiff simply argued that the additional facts pleaded in the amended complaint materially altered the original complaint.

[5] The court identified several deficiencies from which the original complaint suffered, including the failure to identify an act or practice that violated public policy, an act or practice that was immoral, unethical, oppressive or unscrupulous, or a conscious departure from known, standard business norms, among other things.

[6] In its memorandum of decision granting the defendant's second motion to strike, the court concluded, as it did in ruling on the first motion to strike, that there were "no allegations at all that the [defendant] even knew of any relationship between the plaintiff and Chamberlin prior to the setoff." In that same ruling, the court also concluded, for the second time, that "[o]nce the $40,000 was deposited into the Chamberlin account and cleared . . . it became Chamberlin's money and was available for the setoff." The amended complaint simply did not cure the deficiencies identified by the court because it was not alleged that the defendant was aware, prior to the setoff, that the funds were held for the benefit of the plaintiff. Moreover, the funds were furnished to Chamberlin for services rendered in repairing the plaintiff's home. Nothing about that transaction suggests that the funds were held in trust or for the benefit of the plaintiff. Nonetheless, the plaintiff's allegation that the defendant was not entitled to exercise its setoff right is legally unsound. See *In re Colonial Realty Co.*, 208 B.R. 616, 618 (Bankr. D. Conn. 1997), citing *Southington Savings Bank* v. *Rodgers*, 40 Conn. App. 23, 29, 668 A.2d 733 (1995), cert. denied, 236 Conn. 908, 670 A.2d 1307 (1996).

[7] We note, however, that even if we were to reach the merits, her claim would likely fail in light of this court's prior decision in *Southington Savings Bank* v. *Rodgers*, 40 Conn. App. 23, 29, 668 A.2d 733 (1995), cert. denied,

236 Conn. 908, 670 A.2d 1307 (1996).

———————————————