******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Alvord, Moll and Harper, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant bank for, inter alia, slander of title stemming from the bank's recording of a certificate of foreclosure on the land records relating to certain real property of which she was the record owner. The trial court granted the bank's motion to strike, concluding that count one, alleging slander of title, was insufficiently pleaded and that the other counts were time barred. The plaintiff subsequently filed a revised complaint, repleading her allegations of slander of title and violations of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.). The plaintiff appealed to this court from the order granting the motion to strike, which dismissed the appeal for lack of a final judgment. The trial court thereafter granted the defendant's motion for judgment and rendered judgment thereon, concluding that the revised complaint did not include any new facts distinguishing the plaintiff's repleaded claims for slander of title and violations of CUTPA from the stricken ones. On the plaintiff's amended appeal, *held* that the plaintiff waived her right to appeal from the trial court's order striking the original complaint: the plaintiff's claim on appeal focused exclusively on alleged procedural infirmities in the motion to strike, alleging that it did not comply with Practice Book (2013) § 10-41 and was not directed to the operative complaint but did not claim that the revised complaint was materially different from the original complaint,, the repeated claims in the revised complaint were nearly identical to, and contained no materially different allegations in support of, those claims as set forth in the original complaint, and merely reiterating claims previously disposed of by the court did not constitute a material change; moreover, notwithstanding the plaintiff's claim that the trial court erred in granting the motion for judgment because an automatic appellate stay was in effect, no enforceable appellate stay of execution resulted from the filing of a jurisdictionally infirm appeal.

Argued October 5—officially released November 15, 2022

*Procedural History*

Action for, inter alia, slander of title, and for other relief, brought to the Superior Court in the judicial district of New London, where the action was withdrawn as to the defendant JPMorgan Chase Bank, N.A.; thereafter, the court, *Calmar, J.*, granted the named defendant's motion to strike; subsequently, the plaintiff filed a revised complaint; thereafter, the plaintiff appealed to this court, which dismissed the appeal for lack of a final judgment; subsequently, the court, *Calmar, J.*, granted the named defendant's motion for judgment and rendered judgment thereon, and the plaintiff filed an amended appeal; thereafter, the plaintiff withdrew the appeal as to the defendant Bendett & McHugh, P.C. *Affirmed.*

*Sheri Speer*, self-represented, the appellant (plaintiff).

*Thomas N. Abbott*, pro hac vice, with whom were *John J. Radshaw III*, and *Sean P. Clark*, for the appellee (named defendant).

*Opinion*

MOLL, J. The self-represented plaintiff, Sheri Speer, appeals[1] from the judgment of the trial court rendered in favor of the defendant U.S. Bank Trust, N.A. (U.S. Bank).[2] The plaintiff claims on appeal that the trial court (1) erred in granting U.S. Bank's motion to strike dated February 26, 2021, because the motion to strike (a) "did not comply with Practice Book § 10-41"[3] and (b) was not directed to the operative complaint and (2) erred in granting U.S. Bank's motion for judgment dated September 21, 2021, because it was filed while an automatic appellate stay was in effect. For the reasons that follow, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In February, 2020, the plaintiff commenced the present action by way of a complaint dated February 3, 2020, containing allegations stemming from the recording of a certificate of foreclosure on the Norwich land records relating to certain real property of which the plaintiff was the record owner. The plaintiff's complaint asserted, as to U.S. Bank, four counts: (1) slander of title (count one); (2) declaratory judgment (count two); (3) violation of an automatic bankruptcy stay (count three); and (4) violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count four). On March 11, 2020, the defendant JPMorgan Chase Bank, N.A., filed a "notice of filing notice of removal" indicating the removal of the case to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1446 (d). On November 3, 2020, the federal District Court dismissed count three of the complaint. On December 10, 2020, the plaintiff filed in the Superior Court a request to amend the complaint, appending a proposed amended complaint, which reflected amendments (1) removing JPMorgan Chase Bank, N.A., as a defendant and (2) omitting count three of the original complaint.[4] On December 15, 2020, the case was remanded from the federal District Court to the Superior Court.

On February 26, 2021, U.S. Bank filed a motion to strike with an accompanying memorandum of law directed to counts one, two, and four of the plaintiff's original complaint dated February 3, 2020. U.S. Bank argued that those counts should be stricken on the basis that the claims were time barred and/or because the plaintiff failed to allege valid causes of action. On March 4, 2021, the plaintiff filed a memorandum of law in opposition and, on March 10, 2021, U.S. Bank filed its reply memorandum. On August 5, 2021, the court granted U.S. Bank's motion to strike, concluding that count one was insufficiently pleaded and that counts one, two, and four were time barred. On August 11, 2021, the plaintiff filed a revised complaint, repleading her claim for slander of title as count one and her

claim for violations of CUTPA as count two (revised complaint).

Shortly thereafter, on August 18, 2021, the plaintiff filed an original appeal from the court's August 5, 2021 decision granting, inter alia, U.S. Bank's motion to strike. On September 20, 2021, this court ordered the parties to file memoranda addressing whether the portion of the original appeal challenging the trial court's granting of U.S. Bank's motion to strike should be dismissed for lack of a final judgment because judgment had not been rendered in favor of U.S. Bank on the stricken complaint. On September 21, 2021, U.S. Bank filed a motion for judgment pursuant to Practice Book § 10-44,[5] contending that the plaintiff (1) failed to allege any materially different facts in support of her repleaded claims and (2) did not replead her claims for declaratory judgment and violation of the automatic bankruptcy stay within the time permitted by § 10-44. On October 6, 2021, while the motion for judgment was still pending in the trial court, this court granted its own motion to dismiss the plaintiff's original appeal with respect to U.S. Bank.[6]

On November 1, 2021, the trial court granted U.S. Bank's motion for judgment, stating that the plaintiff's revised complaint "does not include any new facts that distinguish her repleaded claims for slander of title and violation[s] of [CUTPA] from the stricken ones. Additionally, the plaintiff has waived the previously [pleaded] claims for declaratory judgment and violation of the automatic bankruptcy stay by not repleading them." This amended appeal followed.

The plaintiff principally claims that the trial court erred in granting U.S. Bank's motion to strike because the motion "did not comply with Practice Book § 10-41"[7] and/or was not directed to the operative complaint. This claim fails.

We begin by setting forth the applicable standard of review and governing principles of law. "Our review of the court's ruling on the defendant['s] motion to strike is plenary." *St. Denis* v. *de Toledo*, 90 Conn. App. 690, 694, 879 A.2d 503, cert. denied, 276 Conn. 907, 884 A.2d 1028 (2005). "In ruling on a motion to strike, we take the facts alleged in the complaint as true." Id., 691. "After a court has granted a motion to strike, the plaintiff may either amend his pleading [pursuant to Practice Book § 10-44] or, on the rendering of judgment, file an appeal. . . . The choices are mutually exclusive [as] [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . If the allegations in [the plaintiff's] substitute complaint are not materially different from those in his original complaint . . . the waiver rule applies, and the plaintiff cannot now challenge the merits of the court's ruling striking the amended complaint." (Citations omit-

ted; internal quotation marks omitted.) Id., 693–94; see also *Lund* v. *Milford Hospital, Inc.*, 326 Conn. 846, 851, 168 A.3d 479 (2017) ("if the allegations in a complaint filed subsequent to one that has been stricken are not materially different than those in the earlier, stricken complaint, the party bringing the subsequent complaint cannot be heard to appeal from the action of the trial court striking the subsequent complaint" (internal quotation marks omitted)); *Parker* v. *Ginsburg Development CT, LLC*, 85 Conn. App. 777, 782, 859 A.2d 46 (2004) (plaintiff bound to court's judgment striking amended complaint because amended complaint was not materially different).

"If the plaintiff elects to replead following the granting of a motion to strike, the defendant may take advantage of this waiver rule by challenging the amended complaint as not materially different than the [stricken] . . . pleading that the court had determined to be legally insufficient. That is, the issue [on appeal becomes] whether the court properly determined that the [plaintiff] had failed to remedy the pleading deficiencies that gave rise to the granting of the [motion] to strike or, in the alternative, set forth an entirely new cause of action. It is proper for a court to dispose of the substance of a complaint merely repetitive of one to which a demurrer had earlier been sustained." (Internal quotation marks omitted.) *Lund* v. *Milford Hospital, Inc.*, supra, 326 Conn. 850. "The law in this area requires the court to compare the two complaints to determine whether the amended complaint advanced the pleadings by remedying the defects identified by the trial court in granting the earlier motion to strike. . . . In determining whether the amended pleading is materially different, we read it in the light most favorable to the plaintiff." (Citation omitted; footnote omitted; internal quotation marks omitted.) Id., 851. Our Supreme Court has explained that "[c]hanges in the amended pleading are material if they reflect a good faith effort to file a complaint that states a cause of action in a manner responsive to the defects identified by the trial court in its grant of the motion to strike the earlier pleading. . . . Factual revisions or additions are necessary; mere rewording that basically restate[s] the prior allegations is insufficient to render a complaint new following the granting of a previous motion to strike. . . . The changes in the allegations need not, however, be extensive to be material." (Citations omitted; internal quotation marks omitted.) Id., 852–53.

To determine whether the revised complaint was "materially different" from the original complaint, "we first examine the ruling striking the first . . . complaint." *St. Denis* v. *de Toledo*, supra, 90 Conn. App. 694. In the ruling granting U.S. Bank's motion to strike, the court concluded that count one was insufficiently pleaded and that counts one, two, and four were time barred. In the ruling granting U.S. Bank's motion for

judgment, the court stated that the plaintiff's revised complaint "does not include any new facts that distinguish her repleaded claims for slander of title and violation[s] of [CUTPA] from the stricken ones. Additionally, the plaintiff has waived the previously [pleaded] claims for declaratory judgment and violation of the automatic bankruptcy stay by not repleading them." Notably, the plaintiff does not claim on appeal that the revised complaint was materially different from the original complaint stricken by the court; instead, with respect to the motion to strike, the plaintiff focuses exclusively on its alleged procedural infirmities. In any event, on the basis of our review of the court's decision striking the original complaint and our comparison of the two complaints, we conclude that the repleaded claims in the revised complaint are nearly identical to, and contain no materially different allegations in support of, those claims as set forth in the original complaint. Because the plaintiff does not attempt to persuade us otherwise, we decline to expand on this conclusion. It suffices to state that merely reiterating claims previously disposed of by the court does not constitute a material change. See, e.g., *St. Denis* v. *de Toledo*, supra, 696. Accordingly, applying the principles recited previously in this opinion, we conclude that the plaintiff has waived her right to appeal from the court's order striking the original complaint.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff waived her right to appear for oral argument.

[2] Although the plaintiff's complaint also named Bendett & McHugh, P.C., and JPMorgan Chase, N.A., as defendants, they are not participating in this appeal.

[3] We note that Practice Book (2013) § 10-41 was repealed, effective January 1, 2014, seven years prior to the filing of U.S. Bank's motion to strike.

[4] Because the Superior Court had not yet reacquired jurisdiction, this filing is a nullity. See *Wells Fargo Bank, N.A.* v. *Tarzia*, 186 Conn. App. 800, 804–805 n.4, 201 A.3d 511 (2019).

[5] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint, or any count in a complaint, counterclaim or cross complaint has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint, counterclaim or cross complaint, or count thereof. . . ."

[6] In addition to appealing from the granting of U.S. Bank's motion to strike, the plaintiff appealed from the granting of a motion to dismiss filed by the defendant Bendett & McHugh, P.C. The portion of the original appeal challenging the judgment of dismissal was not encompassed by this court's October 6, 2021 order. On April 19, 2022, the plaintiff withdrew the portion of the original appeal directed to the defendant Bendett & McHugh, P.C.

[7] See footnote 3 of this opinion.

[8] The plaintiff also claims that the court erred in granting the motion for judgment because the motion was filed at a time when an automatic appellate stay was in effect pursuant to Practice Book § 61-11 (a) by virtue of the plaintiff's filing of the original appeal. This claim is without merit. See *Cunniffe* v. *Cunniffe*, 150 Conn. App. 419, 430, 91 A.3d 497 (holding that "no enforceable appellate stay of execution results from the filing of a jurisdictionally infirm appeal"), cert. denied, 314 Conn. 935, 102 A.3d 1112 (2014).